UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY J. BUTLER,

    Plaintiff,

v.                                      Case No:   2:19-cv-331-UA-MRM

ANDREW M. SAUL, Commissioner of
Social Security,

    Defendants
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion to Dismiss, filed on August 12, 2019. (Doc. 11). Plaintiff filed a Response to Defendant's Motion to Dismiss on September 9, 2019. (Doc. 14). On October 4, 2019, Defendant filed a Reply in Support of Motion to Dismiss. (Doc. 17). This matter is ripe for review. For the reasons set forth in this Report and Recommendation, the Undersigned recommends that Defendant's Motion to Dismiss (Doc. 11) be **GRANTED** and that the Complaint be dismissed without prejudice to Plaintiff's ability to amend.

### BACKGROUND

This action is an appeal of an EEOC decision dismissing Plaintiff Larry J. Butler's Complaint against the Social Security Administration (SSA) pursuant to 29 C.F.R. § 1614.407. (*See* Doc. 1 at 1-2). Butler was appointed to the position of Administrative Law Judge (ALJ) on October 27, 1996. (*Id*. at 4). On September 23, 2016, Butler requested that the SSA grant him reasonable accommodation based upon disability resulting from alleged hazardous working conditions at the SSA Office of Hearings Operations in Fort Myers, Florida. (*See* Doc. 1-1 at 2).

On November 16, 2016, Butler instituted the underlying action by invoking the mandatory informal stage of the EEOC complaint process. (Doc. 1 at 3). Butler maintained that the SSA discriminated against him based on "illegal retaliation and disability." (Doc. 1-5 at 1). On March 13, 2017, Butler filed an EEOC formal Complaint and on April 17, 2017, the SSA accepted the Butler's EEOC Complaint and ordered an investigation of Butler's claims defined by the SSA as follows:

> (1) Whether the Agency subjected you to non-sexual harassment (hostile work environment) based on disability (physical) and reprisal, beginning on or about May 25, 2016 and ongoing, in terms of directives, work conditions, medical information/interactive discussion requests and reasonable accommodation.
>
> (2) Whether the Agency subjected you to discrimination based on disability (physical) and reprisal, since September 23, 2016, the Agency has failed to approve your request for a reasonable accommodation.
>
> (3) Whether the Agency subjected you to discrimination based on disability (physical) and reprisal between May 25, 2016 and December 16, 2016 in terms of directives.

(Doc. 1 at 3; Doc. 1-1 at 2).

Two months after Butler filed his formal Complaint with the EEOC, on May 3, 2017, the SSA filed a Merit Systems Protection Board (MSPB) Complaint, requesting the MSPB to find good cause to remove Butler from the position of ALJ based on two charges: Charge I – Failure to Follow Instruction; and Charge II – Neglect of Duties. (Doc. 1 at 4). On June 21, 2017, Butler filed an Answer and Affirmative Defenses in the MSPB proceeding and some of the affirmative defenses asserted allegations mirrored in Butler's EEOC Complaint. (*Id.*; Doc. 1-6 at ECF pp. 23-28). On September 18, 2017, the SSA filed a Motion to Strike Affirmative Defenses in the MSPB proceeding. (Doc. 1 at 4). On April 12, 2018, ALJ George J. Jordan issued an Order granting in part and denying in part Petitioner's Motion to Strike Affirmative Defenses.

(*See* Doc. 1-7). In the April 12 Order, Judge Jordan explained the affirmative defenses Butler raised would not necessarily defeat the SSA's claims, but would be considered during the broader good cause analysis required under 5 U.S.C. § 7521 (relating to actions against administrative law judges). (Doc. 1-7 at 2). Judge Jordan specifically disagreed with the Commissioner's contention that the MSPB lacked jurisdiction over Butler's asserted affirmative defenses, which alleged disability discrimination and illegal retaliation. (Doc. 1 at 5; Doc. 1-7 at 6). Judge Jordan found Plaintiff was not precluded from asserting all defenses available to him on the grounds that "he has chosen to file an action against that agency in a separate forum." (Doc. 1-7 at 6).

On February 6, 2019, the SSA filed a Motion to Dismiss with the EEOC, asserting Butler was prohibited from pursuing his claims of disability discrimination, illegal retaliation, and creation of hostile work environment before both the MSPB and the EEOC. (Doc. 1 at 6). Butler did not respond to Commissioner's Motion to Dismiss. On February 19, 2019, ALJ Joy R. Brockman with the EEOC issued an Order of Dismissal stating:

> On February 6, 2019, the Agency filed a Motion to Dismiss, asserting that in the Complainant's MSPB appeal the issues in the instant complaint have already been addressed in the affirmative defense asserted in that case. The Complainant failed or refused to respond to the Agency's Motion to Dismiss. I find that the issues in the instant [EEOC] complaint have already been raised and addressed in the Complainant's MSPB appeal and the Agency's Motion [to Dismiss] is hereby granted.

(Doc. 1 at 6; Doc. 1-8 at 1).

The ALJ's Order included a directive to the Agency to issue a Final Order within forty calendar days of receipt of the hearing file and her decision notifying Butler "whether or not Agency will fully implement this decision, and shall contain the Complainant's right to appeal to the Commission, the right to file civil action in federal district court . . . and the applicable time

3

limits for such appeal or lawsuit." (Doc. 1-8 at 2). On March 7, 2019, the SSA issued a Final Order implementing the February 19 Order of Dismissal that stated, "[t]he EEOC AJ concluded that the Agency did not subject you to discrimination based on disability and reprisal, *because* your issues were raised in your MSPB appeal and your case has been dismissed." (Doc. 1-9 at ECF p. 2 (emphasis added)).[1] The Final Order instructed Butler that he could appeal the ALJ's decision to dismiss Butler's EEOC complaint by either filing an appeal with the EEOC directly, or by filing a civil action in the appropriate United States District Court. (*Id*. at 4-5). On May 22, 2019, Butler filed the instant action with this Court, which appears on its face to be an appeal of the EEOC's Order of Dismissal. (*See* Doc. 1 at 8-9). Butler requests that this Court vacate the EEOC's February 19, 2019 Order of Dismissal, and the March 7, 2019 SSA Final Order, and remand this action for further proceedings before the EEOC. (*Id*. at 9). On August 12, 2019, Defendant, SSA, filed a Motion to Dismiss in this action setting forth extensive arguments. (Doc. 11). The Undersigned addresses the arguments below.

## DISCUSSION

Defendant argues the Court should dismiss this matter because the court lacks subject matter jurisdiction under Rule 12(b)(1) and because Butler fails to state a claim as required by

---

[1] Upon a review of the February 19, 2019, Order of Dismissal by the EEOC (Doc. 1-8), the Undersigned finds it does not support the Commissioner's characterizations included in the March 7, 2019, Final Order (Doc. 1-9) to the effect that the "AJ concluded that the Agency did not subject [Butler] to discrimination based on disability and reprisal" because nowhere in the EEOC Order of Dismissal does the ALJ actually reach that conclusion. Instead, ALJ Brockman states, "I find the issues in the instant motion have already been raised and addressed in the Complainant's MSPB appeal." (Doc. 1-8). The Undersigned notes Butler did not respond to the Commissioner's request of dismissal before the EEOC. Therefore, the EEOC did not have the benefit of evaluating whether Butler had in fact chosen to appeal his action before the MSPB. Upon a review of the record, it appears Butler never appealed his Complaint to the MSPB, and the Commissioner's characterization of the ALJ's reasoning for dismissing Butler's action appears patently incorrect.

4

Rule 12(b)(6).  (Doc. 11 at 1).  The parties focus heavily and primarily on their Rule 12(b)(1) jurisdictional arguments.  Because the parties focus their primary arguments on Rule 12(b)(1), and the Court has an obligation to satisfy itself that jurisdiction exists, the Undersigned will address the Rule 12(b)(1) argument first and then turn to the Rule 12(b)(6) arguments.

> A. **Rule 12(b)(1) Lack of Subject Matter Jurisdiction**
>
>> 1. **Arguments**

Defendant maintains that Butler has elected the MSPB as the forum to pursue his claims and because Butler's claims are "pending" before the MSPB, this Court does not have jurisdiction over Butler's claims.  (*Id*. at 4-5).  Specifically, Defendant argues that by raising the affirmative defenses of discrimination and retaliation in the MSPB action, Butler "has elected to proceed on his discrimination, retaliation, and failure to accommodate claims before the MSPB."  (*Id*.).  Defendant explains that an individual alleging certain unlawful discrimination may challenge the personnel action by either filing an EEO complaint with the agency or before the MSPB.  (*Id*. at 5 (citing *Duffy v. U.S. Postal Serv*., 93 M.S.P.R. 405, 408 (2003)).

Moreover, Defendant asserts, "the MSPB has acknowledged that election of forum applies where an ALJ answers an agency's removal complaint raising affirmative defenses of discrimination and retaliation."  (*Id*. (citing *Soc. Sec. Admin. v. Harty*, 96 M.S.P.R. 65, 68, 72 (2004))). [2]  Defendant maintains dismissal is also proper because Plaintiff asserted his claims before the MSPB "first" and, therefore, "waived his right to proceed in this Court."  (*Id*. at 7).

---

[2] Commissioner contends the "MSPB has acknowledged that election of forum applies where an ALJ answers an agency's removal complaint raising affirmative defenses of discrimination and retaliation" and relies on *Sec. Admin. v. Harty*, 96 M.S.P.R. 65, 68, 72 (2004) for support.  (Doc. 11 at 4-5).  Upon review, it does not appear *Harty* stands for the proposition that Commissioner says it does.  In *Harty*, the ALJ initially filed an independent complaint before the MSPB alleging constructive removal in addition to separately filing certain affirmative defenses in response to a separate removal action that was also before the MSPB.  *Harty*, 96 M.S.P.R. 65,

Defendant also argues this Court should decline to exercise jurisdiction because Butler is judicially and collaterally estopped from arguing his claims before the Court. (*Id*.). Defendant maintains Butler is judicially estopped from pursing the instant action because he specifically "argued to the MSPB that it was the proper forum in which to raise his discrimination claims." (*Id*.).[3] Thus, Defendant states Butler should not now be able to argue the claims are properly before this Court. (*Id*.). Defendant alleges Butler is also collaterally estopped from pursing his claims before this Court because the MSPB "has already determined that it has jurisdiction over Plaintiff's claims" and allowing him to maintain this action would afford Butler an "unsanctionable avenue of appeal." (*Id*. at 7-8).[4]

Finally, Defendant concludes that even if this Court determines Plaintiff has not elected his remedies before the MSPB and is not judicially or collaterally estopped from bringing the instant action, the Court should deny to exercise jurisdiction to avoid "piecemeal litigation." (*Id*. at 8). Defendant contends based on the United States Supreme Court's ruling in *Colorado River*, when two forums have concurrent jurisdiction, dismissal is warranted in favor of the forum with the closest relationship to the issues. (*Id*. (citing *Colorado River Water Conservation Dist. v.*

---

68, 71. Subsequently, Harty filed a complaint with the EEO agency raising the same claims he brought in his MSPB complaint. *Id*. at 71. The MSPB explained the agency dismissed *Harty's* EEO complaints pursuant to 29 C.F.R. § 1614.107(a)(4) because he had elected the MSPB as his forum to seek relief by choosing to file his constructive removal action before the MSPB first. *Id*. at 71-72.

[3] Upon review of the record, it appears Butler has never argued the MSPB was the proper forum in which to raise his claims.

[4] Again, upon review of the record, it does not appear the MSPB ever concluded that it had jurisdiction over Butler's legal claims. In fact, Judge Jordan explicitly stated in his April 12 Order that Butler did not "choose" to file a MSPB action. (Doc. 1-7 at 5-6).

*United States*, 424 U.S. 800, 818-19 (1976))).⁵  Defendant maintains that because the ALJ in the MSPB action determined that Butler's affirmative defenses were within MSPB jurisdiction, the MSPB has a greater interest in the claims presented and, therefore, this Court should dismiss the instant action.  (*Id*. at 8-9).

Butler responds by arguing that dismissal is improper under Rule 12(b)(1).  (Doc. 14 at 9).  While he does not develop the argument, it appears he contends that Defendant's reliance on matters outside the pleadings merits this Court invoking summary judgment under Rule 56 pursuant to Fed. R. Civ. P. 12(d).  (*Id*.).  Butler maintains this Court has subject matter jurisdiction and dismissal is improper because he never "elected" to proceed before the MSPB or forfeited his right to pursue an independent EEOC complaint by raising certain affirmative defenses in the MSPB action the SSA initiated against him.  (*Id*. at 9-10).  Butler asserts he was required to raise affirmative defenses that may mitigate the legal consequences of any alleged misconduct, even though no substantive relief would be available to him on those defenses in the MSPB proceeding.  (*Id*. at 12).

Butler also argues that Defendant misconstrued the holding in *Soc. Sec. Admin. v. Harty*, 96 M.S.P.R. 65 (2004) and that the *Harty* decision does not support the proposition advanced by Commissioner here that "the election of remedies applies where an ALJ answers an agency's removal complaint by raising affirmative defenses of discrimination and retaliation."  (*Id*.).  Butler explains that the ALJ in *Harty* filed an independent complaint before the MSPB alleging constructive removal in addition to separately filing certain affirmative defenses in response to a

---

⁵  In the Commissioner's reply, he states for the first time that the Court should dismiss this action under the "*Colorado River* abstention."  (*Id*. (citing Doc. 11 at 7-9)).  While Commissioner cites his Motion to Dismiss, nowhere in the Motion to Dismiss is the word "abstention" mentioned.  (*See* Doc. 11).  This argument is raised for the first time in the Commissioner's reply brief.  (*See* Doc. 17 at 1).

removal action that was also before the MSPB. (*See id*. (citing *Soc. Sec. Admin. v. Harty*, 96 M.S.P.R. 65, 68, 72 (2004))). Subsequently, Harty filed a complaint with the EEO agency raising the same claims he brought in his MSPB complaint, but the complaint was dismissed because he had chosen the MSPB as his forum to seek relief by choosing to file his constructive removal action before the MSPB first. (*See id*. at 12-13). Thus, Butler argues, unlike Harty, he did not forfeit his right to pursue an EEOC action, nor did he elect to proceed in front of the MSPB simply by raising certain affirmative defenses. (*Id*.).[6]

In reply, Defendant argues this Court should accept several of its arguments as unchallenged. (Doc. 17 at 1). Specifically, Defendant maintains Butler failed to address the arguments that he "waived his right to proceed before this Court, that judicial and collateral estoppel prevent him from bringing his claims before this Court, and that, alternatively this Court should dismiss this action under *Colorado River* abstention (Doc. 11 at 7-9)." (*Id*.). Defendant argues that because Butler did not address these arguments in his response, "he abandoned his right to raise such a response." (*Id*.). Defendant also argues Butler has failed to show he did not select the MSPB as the forum in which to bring his claims. (*Id*. at 2). Further, Defendant alleges Butler's interpretation of the MSPB decision in *Harty* is "patently incorrect" because "whatever vehicle respondent [Harty] used to raise his claims – whether in his constructive removal complaint or in response to the removal complaint against him – the MSPB still found he elected it as the forum to try his discrimination and retaliation claims." (*Id*.).

---

[6] Butler appears to raise a tangential issue in a footnote regarding "protection from reprisal" under OSHA in response to the instant motion. (*See* Doc. 14 at 4 n.6). The Undersigned finds and recommends that the Court need not address this point as it falls outside the operative complaint and Butler does not purport to assert such a claim in this case.

As to Butler's argument that he did not forfeit his right to proceed before the EEOC because, in part, the EEOC provides remedies not available to Butler before the MSPB, Defendant maintains the fact that the MSPB does not provide for recovery of damages does not render the election to proceed before the MSPB invalid. (*Id*. at 3). Further, Defendant asserts that this Court should still abstain from exercising jurisdiction because the Eleventh Circuit has disagreed in at least one other case with the contention that courts should only abstain where separate cases have "identical parties, issues, and requests for relief." (*Id*. at 3-4 (citing *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1230, 1329-30 (11th Cir. 2004))). Finally, Defendant argues that he did not cite any matters outside the pleading in support of his motion; therefore, application of Rule 56 is improper and this Court should not treat the motion as one for summary judgment. (*Id*. at 5).

### 2. Legal Standard

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). A facial attack on a complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray*, 501 F.3d at 1251. In that situation, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised," and the Court must consider the allegations in the plaintiff's complaint as true. *Id*. If Defendant's attack on a complaint challenges subject matter jurisdiction in fact, the Court may consider facts outside the pleadings and is "free to weigh the evidence and satisfy itself as to the

existence of its power to hear the case." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). In this case, Defendant's jurisdictional attack is based on the face of the pleadings, and the Undersigned considers the allegations in Butler's pleading as true.

### 3. Analysis

The Undersigned finds Defendant's arguments for dismissal are unpersuasive. While a removal action may still be pending before the MSPB, the contention that Butler's claims are "pending" before the MSPB is without merit. Nowhere in Judge Jordan's April 12 Order did he state that Butler's discrimination and retaliation *claims* were "before the MSPB." (*See* Doc. 1-7). In fact, Judge Jordan explained that federal employees are offered a choice of forum when proceeding on a discrimination claim (*i.e.*, before the EEOC or before the MSPB) and he noted Butler did not "choose" to file a MSPB action. (Doc. 1-7 at 5-6). Judge Jordan's Order concluded Butler was not precluded from raising *defenses* in the removal action that he had also brought as *claims* before the EEOC. (*Id.*). Judge Jordan did not state that Butler's *claims* were before the MSPB. The Undersigned finds that had ALJ Jordan determined that Butler's discrimination *claims* were to be solely before the MSPB, he would have clearly stated so in his Order. Instead, he clearly acknowledged the matters would be considered as defenses in the context of the relevant good cause analysis of the removal action. (Doc. 1-7 at 2).

Further, the Undersigned finds that Butler clearly elected to pursue his claims before the EEOC, not the MSPB. (*See* Doc. 1). The Undersigned disagrees with Defendant that by responding to the Defendant's removal action before the MSPB, Plaintiff forfeited his right to seek independent relief for his claims of discrimination and retaliation in another forum. Importantly, Butler filed his complaint with the EEOC well before Defendant instituted the removal action. (*See id.* at 3).

While Defendant relies on the MSPB's decision in *Harty* for the proposition that the "election of forum applies where an ALJ answers an agency's removal complaint raising affirmative defenses of discrimination and retaliation," the Undersigned finds Defendant's reliance is misplaced. The aggrieved ALJ in *Harty* had first initiated a complaint with the MSPB claiming constructive discharge, separately answered a removal complaint lodged against him before the MSPB, and subsequently filed an EEO complaint with the agency raising the same claims alleged in his MSPB constructive discharge complaint. *See Harty*, 96 M.S.P.R. 65, 68, 72 (2004). That is not what Butler did here. In contrast here, Butler has no action before the MSPB, and therefore unlike Harty, he did not elect first to pursue his claims before the MSPB. To the contrary, Butler affirmatively elected to pursue his claim before the EEOC by filing his complaint with the EEOC first, thereby choosing to proceed before EEOC as his chosen forum. *See Duffy v. United States Postal Serv.*, 93 M.S.P.R. 405, 408 (2003) (citing 29 C.F.R. § 1614.302(b)).

Moreover, the Undersigned finds that Defendant's collateral and judicial estoppel arguments are also unpersuasive. The Complaint here does not support the contention that Butler ever argued, successfully or otherwise, that the MSPB was the proper forum in which to raise his discrimination claims. (*See* Doc. 11 at 7). Similarly, the Undersigned finds Butler is not collaterally estopped from pursing his action before the EEOC, because the precise issues presented by Butler before the EEOC are distinguishable from the removal action before the MSPB. Further, having the two separate cases pending before both the MSPB and the EEOC does not present an "unsanctioned avenue of appeal." *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107-08 (1991) ("[A] losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he

subsequently seeks to raise."). Despite Defendant's characterization of the MSPB proceedings, Butler is not pursing identical claims before the MSPB and the EEOC—in fact, the he is not pursing a claim before the MSPB at all.

Moreover, while Defendant correctly contends collateral estoppel makes a prior issue determination conclusive in subsequent suits, the Undersigned does not agree that the resolution of the MSPB removal action against Butler would resolve Butler's underlying "issues" set forth in his EEOC complaint. Therefore, the Undersigned finds that Butler is not estopped from bringing forth these claims on the basis that he raised them as affirmative defenses in the MSPB action. *See Montana v. United States*, 440 U.S. 147, 153 (1979) ("A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies." (internal citations omitted)); *see also Astoria Fed. Sav. & Loan Ass'n*, 501 U.S. at 107-08 ("When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose. Such repose is justified on the sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." (internal citations omitted)).

As Butler explains in his Complaint and Response to Defendant's Motion to Dismiss in this case, the MSPB cannot provide the same substantive relief that is available under EEOC proceedings. (*See* Doc. 1 at 5; Doc. 14 at 10). The Undersigned does not agree Butler should be forced to forfeit a right to seek compensatory damages for monetary and non-monetary losses

resulting from alleged illegal discrimination and or retaliation because he had no choice but to raise certain affirmative defenses in response to a MSPB removal action instituted against him by the SSA. In Defendant's reply to Butler's response, Defendant argues "the fact that an administrative forum does not provide damages that could be obtained through court litigation does not render an election to proceed before the administrative forum invalid." (Doc. 17 at 3 (citing *Majors v. Thompson*, 235 F.2d 449, 452 (5th Cir. 1956))). The Undersigned notes, however, that the Fifth Circuit decision cited by Defendant discusses an *election* to proceed before an administrative forum. (*See id*.). Here, the Undersigned finds Butler did not elect to pursue his claims before the MSPB for the reasons discussed above.

Moreover, the Undersigned finds that the policy considerations in *Colorado River* do not warrant dismissal because, as explained above, Butler's claims are not before the MSPB. (*See* Doc. 11 at 8; Doc. 17 at 3); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976). For these reasons, the Undersigned cannot recommend dismissal under Rule 12(b)(1) for the reasons urged by Defendant.

      **B.**      **Rule 12(b)(6) Failure to State a Claim**

          **1.**      **Arguments**

Additionally, Defendant argues dismissal is proper under Rule 12(b)(6) because Butler's request to remand this action is effectively an appeal, which is improper under the Administrative Procedure Act. (Doc. 11 at 9). As stated in ALJ Joy R. Brockman's Order of Dismissal and the SSA's Final Order implementing ALJ Brockman's Order, Butler was given notice that he had the right to "appeal to the commission" *or* the right to "file a civil action in federal district court." (Doc. 1-8 at 2; 1-9 at ECF pp. 4-5). Defendant alleges by appealing the action to this Court, Butler has failed to state a claim as a matter of law and Butler must try this

case *de novo* in district court. (Doc. 11 at 9). Butler argues in response that he had a right to file a civil action. (Doc. 14 at 13). The Undersigned notes Butler does set forth any argument as to why this Complaint, which is styled as an appeal, should be considered a "civil action" appropriately before this Court. Butler also states that in the event the Court grants the Motion to Dismiss on this basis, he requests leave to amend his action under Rule 15(a)(2), presumably to refile his Complaint as a proper action in order to state claims in compliance with Fed R. Civ. P. 8. (*Id.*).

### 2. Legal Standard

Fed. R. Civ. P. 8 requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate if the facts as pled, when accepted as true, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A facially plausible claim must allege facts that are more than merely possible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). However, if allegations in the complaint are "more conclusory than factual, then the court does not have to assume their truth." *Id*. While the Court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of court as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### 3. Analysis

The Undersigned finds that Butler's Complaint is postured and framed as an appeal of the EEOC's Order of Dismissal and as such, clearly fails to comply with Fed. R. Civ. P. 8(a)(2) by failing to put forth any plausible claim. Butler also runs afoul of Fed. R. Civ. P. 10(b) by, *inter*

*alia*, failing to use numbered paragraphs and separate counts in his Complaint. (*See* Doc. 1). In addition to Butler's failure to comply with certain pleading requirements, the Undersigned also finds dismissal proper for the following substantive reasons.

Although the parties raise these issues under Rule 12(b)(6), the Undersigned finds that the issues are more appropriately characterized as jurisdictional under Rule 12(b)(1). Specifically, the Undersigned finds that by filing this case in federal court *as an appeal* and not as a civil action seeking to adjudicate his underlying legal claims, this Court has no basis for jurisdiction. When a federal employee seeks to challenge an agency's final action, the employee may either file a civil action in federal court or seek appellate review with the EEOC's Office of Federal Operations. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.401(a), 1614.403(a), 1614.407. The Supreme Court has held that a federal employee who is dissatisfied with a final EEOC decision is entitled to a trial *de novo* of his or her Title VII claim in federal court. *Chandler v. Roudebush*, 425 U.S. 840, 846 (1976).

As the Eleventh Circuit has explained in the Rehabilitation Act context:

> In bringing suit under the Rehabilitation Act, a federal employee must first raise his disability discrimination claim administratively through an internal complaints process within the employing agency. *See* 29 C.F.R. § 1614.106; *see also Moore v. Devine*, 780 F.2d 1559, 1562 (11th Cir. 1986). If dissatisfied with the agency's resolution, the employee may bring a claim to the EEOC, which will issue its own recommendation. *See* 29 C.F.R. § 1614.109; *see also Moore*, 780 F.2d at 1562. The agency then reviews the EEOC recommendation and issues another decision. *See* 29 C.F.R. § 1614.110. If this decision is not appealed to the EEOC, it concludes the administrative process. *See id*.
>
> On conclusion of the administrative process, a federal employee who prevails may sue in a federal district court to enforce an administrative decision with which an agency has failed to comply. *See Moore*, 780 F.2d at 1563; *see also* 29 C.F.R. § 1614.503(g). Alternatively, a federal employee unhappy with the administrative decision may bring a claim in the federal district court and obtain

> the same *de novo* review that a private sector employee receives in a Title VII action pursuant to 42 U.S.C. § 2000e–16(c). *See Chandler v. Roudebush*, 425 U.S. 840, 863, 96 S. Ct. 1949, 1960–61, 48 L. Ed. 2d 416 (1976).

*Ellis v. England*, 432 F.3d 1321, 1323-24 (11th Cir. 2005). As the Eleventh Circuit explained, if a decision is not appealed to the EEOC, the administrative process concludes, and a federal employee may bring a claim in federal district court and obtain *de novo* review of the claim. *Id*. Here, Butler's failure to file an appeal with the EEOC resulted in the EEOC administrative process concluding. This is consistent with the language in the Final Order from the SSA implementing the EEOC's Order of Dismissal. (*See* Doc. 1-9 at ECF p. 5 ("If you file a civil action, administrative processing of your complaint will end.")). Therefore, if Butler is unhappy with the administrative decision, his option is to bring a civil action in this Court for *de novo* review of his claims. *See Chandler*, 425 U.S. at 863; *see also Ellis*, 432 F.3d at 1323-24.

The Undersigned further notes that Butler was notified of his option to appeal upon receipt of the Final Order and Order of Dismissal of his EEOC claim. (Doc. 1-9 at 4-5; Doc. 1-8 at 3). Both the Final Order and Order of Dismissal clearly explained his option to *either* file an appeal with the EEOC directly *or* to file a civil action in the appropriate district court. (*Id*.). The relevant regulation does not allow for a district court to review an EEOC decision to dismiss a claim on appeal, which is the relief demanded by Butler's current Complaint. (Doc. 1 at 9); *see also* 29 C.F.R. § 1614.10. Because Butler's pleading requests this Court to remand his case back to the EEOC for further proceedings, it is effectively an appeal of the EEOC decision to dismiss. The relevant regulation clearly provides that if Butler is seeking to appeal the Order of Dismissal, he must have filed an appeal to the EEOC within 30 days of receipt of the Final Order. (Doc. 1-8 at 2; Doc. 1-9 at ECF pp. 4-5); *see also* 29 C.F.R. § 1614.10. While Butler is correct the Order of Dismissal and Final Order advised him of his "right to file a civil action"

within 90 days of receiving the Final Order if no appeal had been filed with the EEOC directly, Butler did not actually file a civil action in this case. (*See id.*). By failing to file an appeal before the EEOC, Butler's case before the EEOC concluded and the administrative process closed, leaving nothing to appeal. *See Ellis*, 432 F.3d at 1324-25 (reviewing *de novo* a district court's grant of summary judgment of a federal employees Rehabilitation Act Claim after the administrative EEOC process concluded and the federal employee brought suit in federal court). Thus, Butler's only remedy is to file a civil case in this Court seeking *de novo* review. (*Id.*). The Complaint filed here does not do so. (Doc. 1). This necessitates dismissing the current complaint under Fed. R. Civ. P. 12(b)(1) without prejudice to Butler's ability to file an amended Complaint stating a civil action and seeking *de novo* review of his claims.

## CONCLUSION

For these reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion to Dismiss (Doc. 11) be **GRANTED** and the Complaint be dismissed without prejudice to Plaintiff's ability to amend the Complaint consistent with the foregoing.

Respectfully recommended in Chambers in Fort Myers, Florida on January 9, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties