# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

LARRY J. BUTLER,

    Plaintiff,

v.                                            Case No:   2:19-cv-331-FtM-32MRM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

On January 10, 2020, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 19) recommending that Defendant's Motion to Dismiss (Doc. 11) be granted and the Complaint be dismissed without prejudice to Plaintiff filing an amended complaint. Defendant filed Objections to the Report and Recommendation (Doc. 20).

Plaintiff pro se Larry J. Butler is an Administrative Law Judge (ALJ) with the Office of Disability Adjudication and Review. On September 23, 2016, Butler requested that the Social Security Administration (SSA) grant him a reasonable accommodation based upon disability resulting from alleged hazardous working conditions at the SSA Office of Hearings Operations in Fort Myers, Florida. Believing that the SSA was discriminating against him based on his disability, Butler filed a formal complaint with the EEOC in March 2017. The SSA accepted Butler's EEOC formal complaint and ordered an investigation of Butler's three claims: (1) hostile

work environment based on disability and reprisal; (2) failure to provide a reasonable accommodation; and (3) disability discrimination and reprisal. (Doc. 1 at ¶ 9).

Two months after Butler filed his formal complaint, the SSA filed a Merit Systems Protection Board (MSPB) Complaint against Butler, requesting that the MSPB find good cause to remove him from the position of ALJ for failure to follow instructions and neglect of duties (the "removal action"). In the MSPB proceedings, Butler filed an Answer and Affirmative Defenses on June 21, 2017, and raised some of the same discrimination allegations he raised with the EEOC and SSA as affirmative defenses, alleging that the SSA subjected him to discriminatory and retaliatory treatment and harassment, and failed to accommodate him. (Doc. 1-6). As part of the requested relief in the removal action, Butler claimed compensatory and consequential damages. On April 12, 2018, the MSPB Administrative Judge denied the SSA's attempts to strike the affirmative defenses based on lack of jurisdiction. (Doc. 1-7). Based on the information before the Court, it appears that the removal action remains pending before the MSPB.

On February 19, 2019, the EEOC Administrative Judge issued an order dismissing Butler's complaint because the issues raised before the EEOC are pending before the MSPB. (Doc. 1-8). The EEOC's Order of Dismissal notified Butler of his right to either file an appeal with the EEOC directly or to file a civil action in the appropriate district court. On March 7, 2019, the SSA issued a Final Order on Butler's discrimination complaint, implementing the EEOC's dismissal order with similar

appeal rights outlined and informing Butler that if he filed a civil action administrative processing of his complaint would end. (Doc. 1-9).

Butler filed this action on May 22, 2019, styled as an "appeal" of the EEOC and SSA's dismissal pursuant to the Administrative Procedures Act, requesting that the Court vacate the EEOC and SSA's dismissal orders and "remand the matter for a hearing in accordance with the law." (Doc. 1).

The question presented in Defendant's Motion to Dismiss is whether Butler is impermissibly prosecuting his discrimination claims on two tracks simultaneously; that is, before the MSPB and this Court. Defendant argues that Butler elected to proceed before the MSPB on his discrimination claims and therefore this Court should decline to exercise jurisdiction or otherwise dismiss the Complaint on estoppel grounds.

The Magistrate Judge recommends that Butler's discrimination claims may proceed here because the record shows that Butler elected to pursue his EEO claims before the EEOC, not the MSPB. However, Judge McCoy also recommends that an appeal of the EEOC and SSA's decisions was not the proper avenue to file his case here. Since the administrative process has concluded, Butler should have filed a direct claim in this Court to obtain de novo review. See Ellis v. England, 432 F.3d 1321, 1323-24 (11th Cir. 2005). Therefore, Judge McCoy recommends that the Complaint (Doc. 1), styled and framed as an "appeal," be dismissed without prejudice to Butler's ability to file an amended complaint seeking de novo review of his discrimination claims.

Defendant objects to the portion of the R&R on subject matter jurisdiction but agrees that Plaintiff should be allowed to amend if this case will proceed. Under 28 U.S.C. § 636(b), a district judge may accept, reject or modify in whole or in part the magistrate judge's report and recommendation; parts to which objections have been lodged must be reviewed de novo. Fed. R. Civ. P. 72(b)(3).

The Court agrees that Plaintiff's purported basis for the Court's jurisdiction – that is, an appeal of the EEOC and SSA's Final Orders – is improper. See Ellis, 432 F.3d at 1323-24. The Court will allow Plaintiff to amend to assert a direct claim to obtain de novo review of his EEO claims. The remainder of Defendant's motion to dismiss is moot but may be re-raised by Defendant if necessary after an amended complaint is filed.[1]

Upon de novo review of the file it is hereby

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED**. No later than **March 20, 2020**, Plaintiff shall file an amended complaint consistent with this opinion. Defendant shall respond to the amended complaint by **April 17, 2020**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 19) recommending that the Complaint (Doc. 1) styled and framed as an "appeal" be dismissed without prejudice to Butler's ability to file an amended complaint seeking

---

[1] Any amended complaint must comply with Federal Rules of Civil Procedure 8 and 10(b) (requiring that a complaint be separated into numbered paragraphs and counts).

4

de novo review of his discrimination claims is **ADOPTED** as the opinion of the Court. The remaining portions of the Report and Recommendation are **MOOT**.

    3.    Defendant's Motion to Dismiss (Doc. 11) is **DENIED**.

    4.    The parties shall file a Case Management Report no later than **April 17, 2020**.

**DONE AND ORDERED** in Jacksonville, Florida the 2nd day of March, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

Copies to:

Honorable Mac R. McCoy
United States Magistrate Judge

Counsel of Record
Pro se parties