UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY J. BUTLER,

     Plaintiff,

v.                              Case No.:  2:19-cv-331-FtM-66MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion to Dismiss

Amended Complaint or, in the Alternative, Motion to Strike, filed on June 15, 2020.

(Doc. 27).  Plaintiff filed a Response to Defendant's Motion to Dismiss Amended

Complaint, or [sic] in the Alternative, Motion to Strike on July 13, 2020.  (Doc. 31).

This matter is ripe for review.  For the reasons set forth in this Report and

Recommendation, the Undersigned recommends that Defendant's Motion to

Dismiss Amended Complaint or, in the Alternative, Motion to Strike (Doc. 27) be

**GRANTED** and that the Amended Complaint be dismissed without prejudice to

Plaintiff's ability to amend.

## BACKGROUND

The primary issue raised by Defendant's Motion to Dismiss is the following:

Does raising EEOC issues as affirmative defenses in a "removal for cause" action

against an Administrative Law Judge (ALJ) before the Merit Systems Protections

Board (MSPB) prevent the aggrieved ALJ from asserting those EEOC claims as causes of action against the agency in a suit in a district court.  Defendant argues yes. Plaintiff argues no.

The history between Plaintiff and Defendant predates the current action, winds its way through multiple judicial actions and forums, and is worth detailing for some context to the animosity between Plaintiff and the Defendant in their writings before this Court.  Plaintiff was appointed to the position of ALJ for the SSA on October 27, 1996.  (Doc. 26 at 4).  At some point prior to the current case, the SSA sought Plaintiff's suspension without pay for sixty days, allegedly for failure to follow agency directives and policy.  (*Id.* at 12).

Plaintiff appealed this decision to the MSPB, arguing that the SSA suspended him in retaliation for his "protected disclosures related to abuse of authority, gross mismanagement and other program violations" in violation of 5 U.S.C. § 2302(b)(8). (Doc. 26 at 12 n.3).  Plaintiff argued that the SSA retaliated against him for whistleblower activities and he alleged that the SSA covered up hazardous working conditions at the SSA Office of Hearings Operations in Fort Myers, Florida that were causing employee health issues.  (Doc. 26 at 5-6).  According to Plaintiff, the ALJ conducting that MSPB proceeding (hereinafter referred to as MSPB-I) found that:  (1) Plaintiff had been illegally retaliated against for § 2302(b)(8) whistleblower activity; and (2) the SSA had not established good cause to impose pay sanctions on Plaintiff.  (*Id.*).  The MSPB-I case is still pending on appeal before the MSPB.  (*Id.*).

While the MSPB-I case was pending, Plaintiff allegedly began developing health issues of his own, which he believed was related to the condition of the office building.  (Doc. 26 at 9-10).  On September 23, 2016, Plaintiff requested that the SSA grant him reasonable accommodation based on disability resulting from alleged hazardous working conditions at the Fort Myers SSA Office.  (*Id.* at 6).  On November 16, 2016, Plaintiff instituted what would ultimately become the underlying basis of the action before this Court by invoking the mandatory informal stage of the EEOC complaint process.  (*Id.* at 7).  On March 13, 2017, Plaintiff filed an EEOC formal Complaint and on April 17, 2017, the SSA accepted the Plaintiff's EEOC Complaint and ordered an investigation of Plaintiff's claims defined by the SSA as follows:

    (1)    Whether the Agency subjected you to non-sexual harassment (hostile work environment) based on disability (physical) and reprisal, beginning on or about May 25, 2016 and ongoing, in terms of directives, work conditions, medical information/interactive discussion requests and reasonable accommodation.

    (2)    Whether the Agency subjected you to discrimination based on disability (physical) and reprisal, since September 23, 2016, the Agency has failed to approve your request for a reasonable accommodation.

    (3)    Whether the Agency subjected you to discrimination based on disability (physical) and reprisal between May 25, 2016 and December 16, 2016 in terms of directives.

(Doc. 26 at 11-12).

Two months after Plaintiff filed his formal Complaint with the EEOC, and two days after the MSPB-I case was remanded, on May 3, 2017, the SSA filed a MSPB Complaint (hereinafter referred to as MSPB-II) requesting the MSPB find good cause to remove Plaintiff from the position of ALJ based on two charges: Charge I—Failure to Follow Instruction; and Charge II—Neglect of Duties.  (Doc. 26 at 12-13).  On June 21, 2017, Plaintiff filed an Answer and Affirmative Defenses in the MSPB-II proceeding and raised as affirmative defenses that mirrored the allegations in Plaintiff's EEOC Complaint.  (*Id.*).

On September 18, 2017, the SSA filed a Motion to Strike Affirmative Defenses in the MSPB-II proceeding.  (*Id*. at 15).  On April 12, 2018, ALJ George J. Jordan issued an Order granting in part and denying in part Petitioner's Motion to Strike Affirmative Defenses.  (*See* Doc. 27-5).  In the April 12 Order, Judge Jordan explained the affirmative defenses Plaintiff raised would not necessarily defeat the SSA's claims but would be considered during the broader good cause analysis required under 5 U.S.C. § 7521 (relating to actions against ALJs).  (*Id*. at 2).  Judge Jordan specifically disagreed with Defendant's contention that the MSPB lacked jurisdiction over Plaintiff's asserted affirmative defenses, which alleged disability discrimination and illegal retaliation.  (Doc. 26 at 18; Doc. 27-5 at 4).  Judge Jordan found Plaintiff was not precluded from asserting all defenses available to him on the grounds that "he has chosen to file an action against that agency in a separate forum."  (Doc. 27-5 at 6).

On February 6, 2019, the SSA filed a Motion to Dismiss with the EEOC, asserting Plaintiff was prohibited from pursuing his claims of disability discrimination, illegal retaliation, and creation of hostile work environment before both the MSPB and the EEOC.  (Doc. 26 at 6).  Plaintiff did not respond to the Defendant's Motion to Dismiss.  On February 19, 2019, ALJ Joy R. Brockman with the EEOC issued an Order of Dismissal stating:

> On February 6, 2019, the Agency filed a Motion to Dismiss, asserting that in the Complainant's MSPB appeal the issues in the instant complaint have already been addressed in the affirmative defense asserted in that case.  The Complainant failed or refused to respond to the Agency's Motion to Dismiss.   I find that the issues in the instant [EEOC] complaint have already been raised and addressed in the Complainant's MSPB appeal and the Agency's Motion [to Dismiss] is hereby granted.

(Doc. 27-6 at 1).

The ALJ's Order included a directive to the Agency to issue a Final Order within forty calendar days of receipt of the hearing file and her decision notifying Plaintiff "whether or not Agency will fully implement this decision, and shall contain the Complainant's right to appeal to the Commission, the right to file civil action in federal district court . . . and the applicable time limits for such appeal or lawsuit." (Doc. 27-6 at 2).  On March 7, 2019, the SSA issued a Final Order implementing the February 19 Order of Dismissal that stated, "[t]he EEOC AJ concluded that the Agency did not subject you to discrimination based on disability and reprisal, *because* your issues were raised in your MSPB appeal and your case has been dismissed."

(Doc. 26 at 19 (emphasis added)).[1]  The Final Order instructed Plaintiff that he could appeal the ALJ's decision to dismiss Plaintiff's EEOC Complaint by either filing an appeal with the EEOC directly, or by filing a civil action in the appropriate United States District Court.  (Doc. 27-7 at 3-4).

On May 22, 2019, Plaintiff filed an action titled Appeal of Federal Agency Decision 5 U.S.C. 701 (Administrative Procedure Act) in this Court.  (Doc. 1). Plaintiff requested that this Court vacate the EEOC's February 19, 2019 Order of Dismissal, and the March 7, 2019 SSA Final Order, and remand this action for further proceedings before the EEOC.  (*Id.* at 9).  On August 12, 2019, Defendant filed a Motion to Dismiss in setting forth extensive arguments.  (Doc. 11).  On January 10, 2020, the Undersigned entered a Report and Recommendation, recommending that Plaintiff be allowed to proceed on his discrimination claims but that the Complaint (styled as an appeal) be dismissed without prejudice to Plaintiff's

---

[1] Upon a review of the February 19, 2019, Order of Dismissal by the EEOC (Doc. 27-6), the Undersigned finds it does not support Defendant's characterizations included in the March 7, 2019, Final Order (Doc. 27-7) to the effect that the "A[L]J concluded that the Agency did not subject [Plaintiff] to discrimination based on disability and reprisal" because nowhere in the EEOC Order of Dismissal does the ALJ actually reach that conclusion.  Instead, ALJ Brockman states, "I find the issues in the instant motion have already been raised and addressed in the Complainant's MSPB appeal."  (Doc. 27-6).  The Undersigned notes Plaintiff did not respond to Defendant's request of dismissal before the EEOC.  Therefore, the EEOC did not have the benefit of evaluating whether Plaintiff had in fact chosen to appeal his action before the MSPB.  Upon a review of the record, it appears Plaintiff never appealed his Complaint to the MSPB but rather was defending himself in an originally filed proceeding by the SSA.  Defendant's characterization of the ALJ's reasoning for dismissing Plaintiff's action appears patently incorrect.

ability to amend to seek *de novo* review.  (Doc. 19 at 17).  Defendant objected to the

portion of the Report and Recommendation on subject matter jurisdiction but agreed

Plaintiff should be allowed to amend.  (Doc. 20).  The presiding United States

District Judge adopted the portion of the Report and Recommendation dismissing

without prejudice and denied Defendant's Motion to Dismiss.  (Doc. 21 at 45).

On May 19, 2020, Plaintiff filed an Amended Complaint asking for a *de novo*

review of the EEOC claims.  (Doc. 26 at 25).[2]  On June 15, 2020, Defendant filed a

Motion to Dismiss renewing his previous arguments and setting forth further

extensive arguments challenging the Amended Complaint.  (Doc. 27).  The

Undersigned addresses the arguments below.

## DISCUSSION

Defendant re-raises his prior arguments (*see* Doc. 11) that the Court should

dismiss this matter because the Court lacks subject matter jurisdiction under Rule

12(b)(1) and because Plaintiff fails to state a claim under Rule 12(b)(6).  (Doc. 27 at

1).  Defendant further argues that Plaintiff's Amended Complaint is a shotgun

pleading that fails to give Defendant adequate notice of the claims against it, such

---

[2] Plaintiff has listed two counts, which are properly numbered in paragraph form, under a heading titled Claims for Relief.  (Doc. 26 at 23).  His claim for disability discrimination, however, is only listed in a separate, unnumbered, section that follows titled Requests for Relief.  (*Id.* at 24).  These matters are discussed in more detail below, but the Undersigned finds Plaintiff's pleading to be improper under the Federal Rules of Civil Procedure and the Court's prior Order.  (*See* Doc. 21 at 4). Because Plaintiff has stated that he has not dropped his discrimination claim, the Undersigned evaluates Defendant's Motion to Dismiss under the assumption that Plaintiff is attempting to plead a discrimination claim.  (*See* Doc. 31 at 20).

that the Court should dismiss it.  (*Id.* at 21).  Lastly, Defendant argues that if the Court finds dismissal is not warranted, portions of the Amended Complaint should nevertheless be stricken as immaterial, impertinent, and scandalous and for requesting relief that the Court cannot provide.  (*Id.* at 2).  The Undersigned discusses each of these issues separately below.

## I.      Rule 12(b)(1) Lack of Subject Matter Jurisdiction

Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(1).  A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint.  *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).  A facial attack on a complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  *McElmurray*, 501 F.3d at 1251.  In that situation, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised," and the Court must consider the allegations in the plaintiff's complaint as true.  *Id.*

If Defendant's attack on a complaint challenges subject matter jurisdiction in fact, the Court may consider facts outside the pleadings and is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  In this case, Defendant's

jurisdictional attack is based on the face of the pleadings, and the Undersigned considers the allegations in Plaintiff's pleading as true.

Here, Defendant appears to make two main arguments for lack of subject matter jurisdiction:  (1) the Court lacks jurisdiction because these claims are currently pending before the MSPB; and (2) the Court lacks jurisdiction over removal actions of ALJs or whistleblower reprisal allegations.  (Doc. 27 at 8, 15).  The Undersigned will address each argument, including all their sub-parts, in turn below.

### A.  Whether the Court lacks jurisdiction because claims are currently pending before the MSPB.

Defendant makes three sub-arguments as to why the Court lacks jurisdiction over this case based on the continued pendency of the MSPB proceedings:  (1) the Court lacks subject matter jurisdiction because the election of forum statute tacitly applies in this situation; (2) Plaintiff is judicially estopped from bringing his claims before this Court because he fought to keep them before the MSPB; and (3) Plaintiff is collaterally estopped from bringing these claims before this Court because the MSPB has determined it is the proper forum to try these claims.  The Undersigned addresses each issue in turn below.

### a.  Whether the Court lacks subject matter jurisdiction because the election of forum statute tacitly applies in this situation.

Defendant argues that, under 29 C.F.R. § 1614.302(b), when an ALJ facing a removal action before the MSPB raises EEOC issues as affirmative defenses, the ALJ has chosen to bring his EEOC issues through the MSPB process rather than the EEOC process.  (Doc. 27 at 8).  19 C.F.R. § 1614.302(b) states, in part, "[a]n

aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with the MSPB pursuant to 5 CFR 1201.151, but not both." However, Defendant concedes it is "facially unclear" whether this statute applies to Plaintiff. (*Id.* (citing 5 U.S.C. § 7702; 5 C.F.R. § 1201.154; 29 C.F.R. § 1614.302(b)). In support of its position, however, Defendant asserts the MSPB "has tacitly acknowledged the election of forum statute applies in actions against ALJs when they raise affirmative defenses of discrimination and retaliation in actions under 5 U.S.C. § 7521, as happened here."[3] (Doc. 27 at 8-9 (citing *Soc. Sec. Admin. v. Harty*, 96 M.S.P.R. 65, 68, 72 (2004)). Defendant also asks the Court to look at Congressional intent to support this proposition. (Doc. 27 at 11 (citing H.R. Conf. Rep. 95-1717, 1978 WL 8637, at *140)). Plaintiff does not specifically respond to this argument.

Defendant first raised this contention in his Motion to Dismiss regarding Plaintiff's initial Complaint. (Doc. 11 at 4-5). The Undersigned pointed out then, as he does again now, that upon review, it does not appear *Soc. Sec. Admin. v. Harty*, 96 M.S.P.R. 65 (2004), stands for the proposition that Defendant says it does. In *Harty*, the ALJ initially filed an independent complaint before the MSPB alleging

---

[3] Defendant now also contends that "Plaintiff also seems to tacitly concede 5 U.S.C. § 7702 applies." (Doc. 27 at 9 (citing Doc. 26 ¶ 9)). However, Plaintiff's general citation to this statute in a string of statutes he alleges gives this Court jurisdiction over his claims hardly seems to rise to the level of "tacitly conceding" Defendant's exact point on an "facially unclear" area of law, particularly because 5 U.S.C. § 7702(e)(3) also discusses the right to trial *de novo* of agency decisions. (*See* Doc. 27 at 8-9).

constructive removal in addition to separately filing certain affirmative defenses in response to a separate removal action that was also before the MSPB.  96 M.S.P.R. at 65, 68, 71.  Subsequently, Harty filed an EEOC complaint with the agency raising the same claims he brought in his MSPB complaint.  *Id.* at 71.  The MSPB explained the agency dismissed Harty's EEOC complaint because he had elected the MSPB as his forum to seek relief by choosing to file his constructive removal action before the MSPB first *before* filing his EEOC complaint with the agency.  *Id.* at 71-72.

   As the Undersigned stated before, this is not analogous to the current situation.  Here, Plaintiff first filed an EEOC complaint before the SSA and then the Defendant filed a removal action before the MSPB.  Plaintiff raised his EEOC issues as *affirmative defenses* in the MSPB-II action, but never filed EEOC *claims* before the MSPB.

   Further, the legislative history on which Defendant relies is also unhelpful. (Doc. 27 at 11 (citing H.R. Conf. Rep. 95-1717, 1978 WL 8637, at *140)).  The cited committee report simply does not address the issue presented here.  *See* H.R. Conf. Rep. 95-1717, 1978 WL 8637, at *139-41.  The discussions reflected in the report merely reaffirmed that a mixed case complaint could be filed either before the MSPB or before the agency.  *Id.*  The committee made clear that the right to a trial *de novo* in district courts in Title VII actions after a final agency decision was preserved.  *Id.*  If anything, this supports the conclusion that Plaintiff has a right to be before this Court seek a *de novo* review because final agency action has occurred on his EEOC claims.

For these reasons, the Undersigned finds that Defendant's argument that dismissal is required under Rule 12(b)(1) because Plaintiff elected to bring his EEOC claims before the MSPB is without merit.

> **b.   Whether Plaintiff is judicially estopped from bringing his claims before this Court because he fought to keep them before the MSPB.**

Next, Defendant reasserts that Plaintiff is judicially estopped from pursing the instant action because he specifically argued his allegations of discrimination, harassment, and failure to accommodate were "properly before the Board."  (*Id.* (citing Ex. 27-4 at 3-4)).[4]  Defendant argues that because Plaintiff "fought to keep his EEO claims before the Board after having filed an EEO complaint, he should be judicially estopped from now arguing his claims are properly before this Court."  (*Id.* at 9-10 (citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001)).  Once again, Plaintiff does not specifically address this issue in his Response.

The Undersigned finds Defendant's argument unpersuasive.  The Amended Complaint does not support the contention that Plaintiff ever argued, successfully or otherwise, that the MSPB was the proper forum in which to raise his discrimination claims.  (*See* Doc. 26).  The Undersigned does agree that Plaintiff has argued successfully to have his *affirmative defenses* to the removal action considered by the

---

[4] Upon review, it appears Plaintiff was not arguing that the MSPB was the proper forum in which to raise his claims, but that the MSPB was properly able to consider them as affirmative defenses to Defendant's removal action against Plaintiff brought under 5 U.S.C. § 7521.

MSPB, but that does not mean the "same claims" before the MSPB are also before this Court.  (*Id.*).  Plaintiff points out in his Response that his applicable burdens of proof are different between the two actions.  (Doc. 31 at 21).  And, in his Order denying Defendant's motion to strike these affirmative defenses before the MSPB, ALJ George J. Jordan addressed this issue squarely:

> The burdens of proof in these respective cases are different; in his EEOC case, Respondent bears the initial burden of proving his prima facie case while in this case, SSA bears the initial burden of showing good cause for the removal. Only if SSA meets that burden would I consider whether the Agency brought the Complaint for improper, discriminatory purposes as Respondent alleges.

(Doc. 27-5 at 6).

Plaintiff has only ever filed an EEOC Compliant before the SSA and, because of his decision to do so, has ultimately pursued his claims to this Court, not to the MSPB.  *See* 29 C.F.R. §§ 1614.302(b), 1614.407.  Defendant, on the other hand, chose to file an original action in front of the MSPB for Plaintiff's removal while Plaintiff's EEOC claims were pending.  It seems disingenuous for Defendant to force Plaintiff to defend himself before the MSPB, then claim that by fully defending himself by pleading affirmative defenses Plaintiff has waived his chosen route to resolve the EEOC claims.  This is particularly so in light of the different burdens of proof and remedies available from the different forums and the lack of a statute that prevents Plaintiff from proceeding in this fashion.

For these reasons, the Undersigned finds that Defendant's argument that dismissal is required under Rule 12(b)(1) based upon judicial estoppel is without merit.

### c. Whether Plaintiff is collaterally estopped from bringing his claims because the MSPB has determined it is the proper forum to try the claims.

Defendant argues that dismissal is appropriate because the MSPB has already determined that it is the appropriate forum to try Plaintiff's EEOC claims and the doctrine of collateral estoppel "makes a prior issue determination 'conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'" (Doc. 27 at 10 (quoting *Montana v. United States*, 440 U.S. 147, 152 (1979)). Further, Defendant claims the Court should decline to exercise jurisdiction because the MSPB "has declared itself the forum with the closest relationship to the issues concerned." (*Id.* at 10-11 (citing *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976)).

Lastly, Defendant argues that Plaintiff can seek full relief from the MSPB, because his requests in that forum include damages and any limitation of remedies there would "result from Plaintiff's own forum shopping." (*Id.* at 13-14 (citing Doc. 11-1 at 87-88)). Defendant claims failure to dismiss would "set this action on a collision course with the Board removal action" because each could end up deciding inconsistent results. (*Id.* at 14).

Plaintiff responded that Defendant's arguments are the same ones made in its prior Motion to Dismiss, which were "rejected by the Report and Recommendation

and Order adopting the Report and Recommendation."[5]  Plaintiff contends that the MSPB will neither provide him the same relief he could get from this Court nor is he relitigating the same case, because the burdens of proof and remedies available to him differ between defending himself in an MSPB proceeding and bringing a suit in district court.  (Doc. 31 at 21-22).

The Undersigned again finds Defendant's arguments unpersuasive.  While a removal action may still be pending before the MSPB, the contention that Plaintiff's claims are "pending" before the MSPB is without merit.  Nowhere in Judge Jordan's April 12 Order did he state that Plaintiff's discrimination and retaliation claims were "before the MSPB."  (*See* Doc. 27-5).  In fact, Judge Jordan explained that federal employees are offered a choice of forum when proceeding on a discrimination claim (*i.e.*, before the EEOC of before the MSPB) and he noted Plaintiff did not "choose" to file a MSPB action.  (*Id.* at 5-6).  Judge Jordan's Order concluded Plaintiff was not precluded from raising *defenses* in the removal action that he had also brought as *claims* before the EEOC.  (*Id.*).  Judge Jordan did not state that Plaintiff's *claims* were before the MSPB.  The Undersigned finds that had ALJ Jordan determined that Plaintiff's discrimination *claims* were to be solely before the MSPB, he would have clearly stated so in his Order.  Instead, he clearly acknowledged the matters would be

---

[5] Plaintiff appears to be mistaken.  The presiding United States District Judge's Order did not adopt the Undersigned's prior Report and Recommendation in its entirety.  Specifically, the Court did not reach the issues raised by the Defendant again here, finding them moot because Plaintiff's Complaint (styled as an "appeal") was being dismissed without prejudice to file an amended complaint.  (*See* Doc. 21 at 4).

considered as defenses in the context of the relevant good cause analysis of the removal action. (*Id.* at 4-5).

The Undersigned finds Plaintiff is not collaterally estopped from pursing his EEOC claims here because the precise issues presented by Plaintiff before the EEOC are distinguishable from the removal action before the MSPB.  Further, having the two separate cases pending before both the MSPB and the Court does not present an "unsanctioned avenue of appeal."  *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107-08 (1991) ("[A] losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise.").  Despite Defendant's characterization of the MSPB proceedings, Plaintiff is not pursing identical EEOC claims before the MSPB and the Court—in fact, the he is not pursing any claims before the MSPB at all.

Further, the Undersigned does not agree that the resolution of the MSPB removal action against Plaintiff would resolve Plaintiff's underlying "issues" set forth in his EEOC complaint.  Therefore, the Undersigned finds that Plaintiff is not estopped from bringing forth these claims on the basis that he raised them as affirmative defenses in the MSPB action.  *See Montana v. United States*, 440 U.S. 147, 153 (1979) ("A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies."  (internal citations omitted)).

As Plaintiff explains in his Response to Defendant's Motion to Dismiss in this case, the MSPB cannot provide the same substantive relief as this Court can. (*See* Doc. 31 at 22). Plaintiff argues that in the MSPB action, the only remedy available to him would be the reversal of the action of the agency, but the applicable statutes provide no substantive relief for damages resulting from "disability discrimination, reprisal, illegal retaliation, creation of a hostile work environment, and failure to grant Reasonable Accommodation (RA)." (*Id.* (citing 5 C.F.R. § 1201.56(b)(2); 5 C.F.R. § 1201(c)). The Undersigned does not agree Plaintiff should be forced to forfeit a right to seek compensatory damages for monetary and non-monetary losses resulting from alleged illegal discrimination and/or retaliation because he had no choice but to raise certain affirmative defenses in response to a MSPB removal action instituted against him by Defendant.

Moreover, the Undersigned finds that the policy considerations in *Colorado River* do not warrant dismissal because, as explained above, Plaintiff's claims are not before the MSPB and he did not elect to pursue his claims before the MSPB for the reasons discussed above. (*See* Doc. 27 at 10; Doc. 31 at 21); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976).

Furthermore, the Undersigned finds Defendant's assertion that dismissing this action is crucial to preventing a "Kafkaesque judicial nightmare of infinite litigation" to be unfounded. (Doc. 27 at 14 (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 (1990)). The case Defendant cites to support this proposition involved litigation around Equal Access to Justice Act Fees, not the scenario the Court finds before it

currently.  *See Jean*, 496 U.S. at 163.  Defendant has not cited, nor has the

Undersigned found, any cases that support Defendant's argument that the Court's

handling of this case could "violate the law" by reaching inconsistent results.  (Doc.

27 at 14).

For these reasons, the Undersigned finds that dismissal is not warranted under

Rule 12(b)(1) based upon the Defendant's collateral estoppel argument.

### B.    Whether the Court lacks jurisdiction over removal actions of ALJs or whistleblower reprisal allegations.

Defendant argues that the Court should decline to exercise jurisdiction over

Plaintiff's removal or whistleblower claims because his "underlying factual

allegations have seemingly little to do with those claims" and instead relate to

working conditions and claims of whistleblower retaliation.  (Doc. 27 at 16).

Defendant alleges that, based on the issues Plaintiff raised as affirmative defenses

before the MSPB, he is going to raise issues of whistleblower retaliation under 5

U.S.C. § 2302(b), not issues of failure to accommodate, harassment, and

discrimination under the Rehabilitation Act and Title XVII of the Civil Rights Act of

1964.  (*Id.*).  Further, Defendant claims that the Court does not have jurisdiction over

the whistleblower reprisal claims because the MSPB does.  (*Id.* (citing 5 U.S.C. §§

2302(b)(8), 7701(c)(2)(B)).  Lastly, Defendant states that any challenges to good

cause for Plaintiff's removal are reserved for judicial review by the Court of Appeals

for the Federal Circuit.[6]  (*Id.* at 17 (citing 5 U.S.C. §§ 7521, 7703; 5 C.F.R. §

1201.141)).

Plaintiff responds by asserting that allegations of reprisal based upon EEO

disclosures are not considered whistleblowing within the meaning of the

Whistleblower Protection Act.  (Doc. 31 at 21 (citing *Mason v. Dep't of Homeland Sec.*,

116 M.S.P.R. 135, 145 n.6 (2011)).  Plaintiff distinguishes between allegations of

reprisal "based upon exercising one's right to complain" under 5 U.S.C. § 2302(b)(9)

and those based upon "disclosure of information," under 5 U.S.C. § 2302(b)(8) but

notes both are prohibited personnel practices.  (*Id.* (citing cases)).

The distinction between disclosures under 5 U.S.C. § 2302(b)(8) and 5 U.S.C.

§ 2302(b)(9) is an important jurisdictional one.  Whistleblowing actions under §

2302(b)(8) are within the jurisdiction of the MSPB, while actions under § 2302(b)(9)

are not.  *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1575 (Fed. Cir. 1996).  The filing

of a complaint with the EEOC alleging discriminatory treatment by an agency in

violation under Title XVII falls under § 2302(b)(9), and because remedial and

investigative measures can be obtained through the EEOC process, the MSPB lacks

---

[6] The Undersigned agrees with Defendant that if Plaintiff intends to challenge good
cause for his removal, this Court does not have jurisdiction.  5 C.F.R. § 1201.141.
However, the Undersigned disagrees that this is what Plaintiff is doing considering
this matter is currently before the Court regarding an EEOC Complaint that was
filed before the MSPB-II action asking for his good cause removal.

jurisdiction over such appeals.  *Spruill*, 978 F.2d at 692.  Thus, the only avenue for

Plaintiff to obtain relief under § 2302(b)(9) is before this Court.[7]  *Id.*

Taking Plaintiff's allegations as true, he alleges the following in his Amended

Complaint.  On September 16, 2016, Plaintiff requested reasonable accommodation

due to developing medical conditions that he alleges were caused by hazardous

conditions at his place of employment.  (Doc. 26 at 6).  On November 29, 2016, he

invoked the informal stage of the EEOC complaint process because he had not

received a response to his request yet.  (*Id.* at 7).  On January 30, 2017, Plaintiff was

placed in "telework as a temporary accommodation" status while his reasonable

accommodation request was being processed.  (*Id.* at 9).  On or around February 27,

2017, an attorney for the SSA completed a first draft of an MSPB complaint to

remove Plaintiff for cause.  (*Id.* at 9).  On March 13, 2017, Plaintiff filed a formal

EEOC Complaint.  (*Id.* at 10).  On March 17, 2017, Plaintiff's physician filed a

medical opinion in response to questions proffered by Defendant expressing the

opinion that Plaintiff had developed "pulmonary and immunodeficiency disorders"

due to his exposure at work and should not be present in the office full time.  (*Id.*).

On April 19, 2017, the SSA ordered an investigation into Plaintiff's EEOC claims.

---

[7] Plaintiff's Amended Complaint does not specify that he is alleging reprisal under §
2302(b)(9); Plaintiff clarifies this in his Response.  (Doc. 31 at 23).  The Undersigned
points out to Plaintiff that a complaint must "give the defendant fair notice of what
the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550
U.S. 544, 545 (2007) (citations omitted).  Based on Defendant's arguments
concerning § 2302(b)(8), it is clear that Defendant is unable to determine the precise
grounds upon which Plaintiff's claims rest.

(*Id.* at 11).  On May 3, 2017, Defendant filed the formal MSPB complaint requesting Plaintiff's removal for cause.  (*Id.* at 13).

Considering all of these events chronologically, it is plausible Defendant took adverse personnel action by filing a complaint for Plaintiff's removal before the MSPB instead of waiting for the resolution of the EEOC Complaint or determining his request for reasonable accommodation due to his alleged medical conditions.  *See McElmurray*, 501 F.3d at 1251; 5 U.S.C. § 2303(b)(9).  Because Plaintiff's allegations of reprisal could plausibly fall under § 2303(b)(9), which is within this Court's purview to consider after final agency action, the Undersigned cannot recommend dismissal of Count Two of the Amended Complaint for the reasons urged by Defendant.  *See* 29 C.F.R. § 1614.407.

## II.   Rule 12(b)(6) Failure to State a Claim

Defendant also moves for dismissal under Fed. R. Civ. P. 12(b)(6).  Fed. R. Civ. P. 8 requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Dismissal under Rule 12(b)(6) for failure to state a claim is appropriate if the facts as pled, when accepted as true, fail to state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A facially plausible claim must allege facts that are more than merely possible."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  However, if allegations in the complaint are "more conclusory than factual, then the court does not have to assume

their truth." *Id.* While the Court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of court as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

When stating an accommodation claim, "[a] plaintiff must show:  (1) he is disabled; (2) he was a 'qualified individual' and the relevant time, meaning that he could perform the essential functions of the job in question with or without reasonable accommodations; and (3) he was discriminated against based on his disability." *Palmer*, 624 F. App'x at 705. The framework for assessing retaliation claims is the same whether it is through the Americans with Disabilities Act or Title VII. *Id.* at 702. A plaintiff must allege that he engaged in statutorily protected activity, suffered adverse employment action, and there is a causal relationship between the two events. *Id.* A good faith request for a reasonable accommodation is a statutorily protected activity. *Id.*

A hostile work environment claim must show that the plaintiff:  (1) is a member of a protected group; (2) that he has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) that the harassment was sufficiently severe or pervasive enough to create a discriminatorily abusive work environment; and (5) that the employer is responsible for such environment under either theory of vicarious or direct liability. *Id.* at 703.

Here, Defendant appears to be making three main arguments as to why this Court should dismiss the Amended Complaint for failure to state a claim for which

relief can be granted:  (1) Plaintiff has not properly pleaded the elements that would show he is entitled to relief for failure to accommodate his alleged disability; (2) Plaintiff has not properly pleaded the elements that would show he is entitled to relief for retaliation and reprisal; and (3) the Amended Complaint is a 'shotgun pleading' that does not give the Defendant adequate notice of the claims against him and the grounds upon which each claim rests.  The Undersigned addresses each argument in turn below.

> **A.    Whether Plaintiff has properly pleaded the elements that would show he is entitled to relief for failure to accommodate his alleged disability.**

Defendant claims that Plaintiff's factual allegations fail to show that he was a qualified individual with a disability and that whatever accommodations he requested would have allowed him to do the essential functions of his job.  (Doc. 27 at 18).  Worth emphasizing, however, is an argument that plays out in the footnotes of the Motion to Dismiss and Response.  Defendant contends that Plaintiff appears to have dropped his discrimination claim and is proceeding only with his claims of failure to accommodate and harassment.  (*Id.* at 1 n.1 (citing Doc. 26 at 2-24).

Plaintiff fails to address Defendant's arguments about his alleged failure to state a claim for relief.  He does, however, note that "[i]t should be apparent that Plaintiff has not 'dropped his discrimination claim' with respect to this litigation." (Doc. 31 at 20 n.16).

First and foremost, the Undersigned finds that Plaintiff runs afoul of Fed. R. Civ. P. 8, Fed. R. Civ. P. 10(b), and this Court's prior Order by not including his

discrimination claim as a separate count and in separately numbered paragraphs as required.  (*See* Doc. 21 at 4).  It is abundantly clear that Plaintiff fully intends to bring a claim of discrimination before the Court, but by asking the Court to find he was subjected to "discrimination based on disability" in an unnumbered section separate from his other claims for relief, the nature and scope of his claims are greatly muddled.  (Doc. 26 at 23-24).  The Undersigned finds that this does not comply with Fed. R. Civ. P. 8 or Fed. R. Civ. P. 10(b), nor does it give Defendant "adequate notice of the claims against [it] and the grounds upon which each claim rests."  *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).  This necessitates dismissing the current Amended Complaint under Fed. R. Civ. P. 12(b)(6) without prejudice to Plaintiff's ability to file a Second Amended Complaint stating his discrimination claim in a separate, numbered claim, as required by Fed. R. Civ. P. 10(b).

Furthermore, the only reference to a disability or medical treatments in the Amended Complaint is a reference to a report by a Dr. Klucka alleging Plaintiff had developed "pulmonary and immunodeficiency disorders" and a paragraph listing reoccurring cases of pneumonia and other infections.  (*Id.* at 10, 17).  Plaintiff does not allege—as he must to survive a motion to dismiss—that he has an ongoing, diagnosed disability that necessitated his reasonable accommodation request or that the accommodation would have allowed him to do his job.  *See Palmer*, 624 F. App'x at 705.

For these reasons, the Undersigned recommends dismissing the Amended Complaint without prejudice to Plaintiff's ability to amend to state a claim showing Plaintiff is entitled to relief for failure to accommodate his alleged disability.

### B.   Whether Plaintiff has properly pleaded the elements that would show he is entitled to relief for retaliation and reprisal.

Defendant alleges that the other two claims for relief, allegations of retaliation and reprisal under Title VII and the Rehabilitation Act, are "threadbare" and only make vague references to "directives" without further detail about what these directives were and how they were discriminatory or retaliatory.  (Doc. 27 at 19). Plaintiff fails to address this issue in his Response.

Like Defendant, the Undersigned cannot ascertain from the Amended Complaint what exactly Plaintiff is referring to when he states that he was subjected to discrimination and reprisal between May 25, 2016, and December 26, 2016, "in terms of unreasonable directives."  (Doc. 26 at 25).  Dismissal under Rule 12(b)(6) is appropriate when the facts as pled, when accepted as true, fail to state a claim for relief that is "plausible on its face."  *Iqbal*, 556 U.S. at 678.

Plaintiff fails to allege facts describing any action or event that would plausibly support a claim for retaliation and reprisal.  The Undersigned finds that vague references to "unreasonable directives" are not enough.  *See Twombly*, 550 U.S. at 545.  For these reasons, the Undersigned recommends dismissing the Amended Complaint without prejudice to Plaintiff's ability to further amend, if he can, to

include factual allegations that would render his retaliation and reprisal claim plausible.

### C.   Whether the Amended Complaint is a 'shotgun pleading.'

Defendant claims that Plaintiff's Amended Complaint should be dismissed because it is a "shotgun pleading" that incorporates paragraphs fourteen through ninety-seven in each of his claims for relief without "indicating how they are applicable." (Doc. 27 at 20). Defendant states that there is no apparent relevance to many of the paragraphs, and allegations about the safety of the office building, OSHA violations, other ALJ's worker compensation claims and lawsuits, OGC's involvement in drafting the MSPB complaint, and requests for reasonable duty time to prepare for other proceedings are "conclusory, vague, and immaterial." (*Id.* at 21-22). These allegedly fail to give Defendant "adequate notice of the claims against [it] and the grounds upon which each claim rests." (*Id.* at 21 (citing *Weiland*, 792 F.3d at 1323).

Plaintiff asserts that the *Weiland* court noted that defendants have the option for moving for a more definite statement pursuant to Fed. R. Civ. P. 12(e) and that dismissals are appropriate only when it is "virtually impossible to know which allegations of fact are intended to support which claims(s) for relief." (Doc. 31 at 24 (citing *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). While Plaintiff admits his Amended Complaint "leaves much to be desired," he states it is neither a shotgun pleading nor is it plausible Defendant does not know what he is allegedly liable for. (*Id.*).

In *Weiland*, the Eleventh Circuit categorized four types of complaints that are "shotgun pleadings." 792 F.3d at 1322. The first, and most common, are complaints that contain multiple counts and each count adopts all the previous allegations, so that each successive count carries all the preceding ones too. *Id.* The second type are complaints that "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type doesn't separate into different counts each cause of action or claim for relief, while the fourth asserts multiple claims against multiple defendants without specifying which defendants are responsible for which acts. *Id.* at 1323.

This Amended Complaint is very similar to the pleading in *Weiland*, where the complaint is similar to, but does not fall within, the first category of shotgun pleadings. *Id.* at 1324. While paragraphs fourteen through ninety-seven are incorporated into each of Plaintiff's counts, each of the counts does not incorporate, and therefore do not build off of each other. (Doc. 26 at 23-24). And, because the two counts are for retaliation and harassment/creation of a hostile work environment, it is plausible the two counts would involve the same factual allegations.

Further, the Undersigned does not agree with Defendant's assertion that the listed paragraphs have "no facial materiality" to Plaintiff's claims to render the Complaint unable to give Defendant "adequate notice" of the claims against it or the basis for them. (Doc. 27 at 21). Plaintiff claims that he has been discriminated against, retaliated against, and harassed for allegedly developing health conditions

from building he worked it.  (Doc. 26 at 24).  While the paragraphs about the air
quality, toilets flooding, or OSHA violations may not be the most eloquently pled,
they put the Defendant on notice of the specific allegations that Plaintiff feels
contributed to the overall allegedly hazardous environment at work that Plaintiff
claims caused his disability.  And, the paragraphs about prior and other Board
proceedings put Defendant on notice that Plaintiff is pleading that the totality of the
agency's actions contributed to the harassment and hostile work environment being
alleged in this current proceeding.  The Undersigned does not find them to be so
confusing that Defendant has not been given adequate notice of the claims against it
or the grounds upon which each claim rests.  *Weiland*, 792 F.3d at 1323.  For these
reasons, the Undersigned cannot recommend dismissal of the Amended Complaint
as a shotgun pleading.

## III.   Rule 12(f) Strike Pleadings

A "court may strike from a pleading an insufficient defense or any redundant,
immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  However, a
"'motion to strike is a drastic remedy[,]' which is disfavored by the courts."
*Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla.
2002) (quoting *Augustus v. Board of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862,
868 (5th Cir. 1962)).  Motions to strike "will usually be denied unless the allegations
have no possible relation to the controversy and may cause prejudice to one of the
parties."  *Id.*  "[W]hen deciding a motion to strike, a court must accept the
truthfulness of well-pleaded facts and cannot consider matters beyond the pleadings."

*State Farm Mut. Auto. Ins. Co. v. Advantacare of Fla., LLC*, No. 6:19-CV-1837-ORL41-LRH, 2020 WL 2630226, at *11 (M.D. Fla. May 22, 2020) (citation omitted).

"'An allegation is 'impertinent' or 'immaterial' when it is neither responsive nor relevant to the issues involved in the action.  'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'"  *Id.* (citation omitted).

Here, Defendant appears to be making three main arguments as to parts of the Amended Complaint the Court should strike:  (1) the Amended Complaint contains several allegations that are immaterial and impertinent; (2) the Amended Complaint contains several allegations that are scandalous; and (3) the Amended Complaint requests relief that is unavailable as a matter of law.  The Undersigned will address each argument in turn below.

### A.   Whether the Amended Complaint contains allegations that are immaterial and impertinent.

Defendant claims that Plaintiff raised general allegations about the allegedly unsafe conditions in the office, issues around the MSPB litigation, and other employees' complaints and medical information that are intended to support whistleblower allegations that are not allegedly before this Court.  (Doc. 27 at 22).  Plaintiff references, but does not directly address, this in his response.  (Doc. 31 at 24).

Looking at the specific paragraphs that Defendant requests be stricken, they generally fall into three categories.  Most of the paragraphs listed describe actions taken by OSHA about alleged issues with the office building (Doc. 26 at ¶¶ 15-17, 20, 37-38, 46, 55, 64-69) and Defendant's alleged responses to them (*id.* at ¶¶ 50-51).  The alleged source of Plaintiff's disability is not "immaterial" to the action before the Court, particularly because Plaintiff is claiming discrimination, failure to accommodate, and harassment.  The next category of paragraphs (*id.* at ¶¶ 29-32, 56, 58) relate to requests for reasonable duty time and reasonable accommodation requests, and actions taken in other pending MSPB cases between Plaintiff and Defendant that related to how Plaintiff's requests for reasonable accommodation and EEOC Claim were handled.  (*Id.* at 7, 12-13).  These allegations could plausibly show that Defendant never intended to make a final decision on Plaintiff's request for reasonable accommodations and instead went forward with an MSPB removal action.  The last paragraphs (*id.* at ¶¶ 73-78) allege that other employees were granted reasonable accommodations to work from home due to health issues from the office building.  (*Id.* at 15-16).  If proven true, Plaintiff could plausibly show that reasonable accommodation could have been given to him but were not.

For the above reasons, the Undersigned finds the allegations have a possible relation to the controversy, and Defendant has not claimed that they may cause prejudice to it.  *See Thompson*, 211 F. Supp. 2d at 1348.  Thus, the Undersigned cannot recommend these paragraphs be stricken as immaterial and impertinent.

B.      **Whether the Amended Complaint contains scandalous allegations.**

Defendant states that, "[w]ithout any evidence, Plaintiff accuses attorney Meeka Savage Drayton of having acted improperly" and asks the Court to strike paragraphs where she is mentioned (Doc. 26 at ¶¶ 28, 40, 53, 57, 61, 89-96).  (Doc. 27 at 23).  Defendant claims that Savage Drayton's participation as legal advisor to management officials during the EEOC and MSPB process was not improper and that the paragraphs must be stricken because "allegations that a government attorney has acted illegally or unethically, without any supporting evidence, are scandalous and must be stricken."  (Doc. 27 at 23-24 (citing *S.E.C. v. Lauer*, No. 03-80612-CIV-MARRA, 2007 WL 1393917, at *2 (S.D. Fla. Apr. 30, 2007); *Annalee D. v. Gen. Servs. Admin.*, No. 2019000778, 2019 WL 7170864, at *5 (E.E.O.C. Nov. 27, 2019)).

Plaintiff responds by pointing out a footnote in the *Annalee D. v. Gen. Servs. Admin.*, No. 2019000778, 2019 WL 7170864, at *5 (E.E.O.C. Nov. 27, 2019) decision that cited EEOC Management Directive 110.  (Doc. 31 at 25-26).  Plaintiff further asserts that *Annalee* does not prohibit all of the agency's attorneys from involvement in the EEOC process, but that it was improper for Savage Drayton, who was actively in an adversarial process against Plaintiff in MSPB proceedings, to do so.  (*Id.* at 26).

*Annalee* does not reach the issue presented here.  *Annalee D.*, 2019 WL 7170864, at *5.  Plaintiff does not argue it was improper for any attorney to be involved in the pre-hearing stage of his EEOC Claim, just specifically Savage Drayton, who was already involved as counsel for Defendant in the MSPB-I case,

and allegedly drafting the removal complaint for the MSPB-II proceeding at the same time she was advising on the EEOC Claim. (Doc. 31 at 26). The Undersigned does not find Plaintiff's allegations in this regard to be sufficiently "scandalous" to warrant striking them. *Lauer*, 2007 WL 1393917, at *2.

Furthermore, the facts in *S.E.C. v. Lauer*, No. 03-80612-CIV-MARRA, 2007 WL 1393917, at *2 (S.D. Fla. Apr. 30, 2007) render it distinguishable from this case. In *Lauer*, the defendant filed a motion for the court to take judicial notice of an unsworn personal letter written by him, which consisted of "a rambling recitation of Lauer's often-repeated and completely unsubstantiated invective against the news media, the SEC, SEC personnel individually, the Receiver, and the Court." *Id.* at *1. The court found that the "facts" in the letter were nothing more than unsworn hearsay allegations, not "undisputed evidence of unethical conduct," and that "superfluous and inappropriate filings, have no place in this Court and will be stricken." *Id.* at *1-2.

In support, the *Lauer* court cited to *Pigford v. Veneman*, 225 F.R.D. 54, 58 (D.D.C. 2005). In *Pigford*, the court granted a motion to strike where the plaintiff filed a notice of unprofessional conduct against defense counsel. The court found, however, that plaintiff's counsel had repeatedly filed such "notices" in the case, harassed defense counsel over email and telephone, referred to him unprofessionally in emails to members of Congress, and mocked him in court by implying that he was racist. *Id.* at 56-58.

The Undersigned finds that the allegations challenged here are hardly comparable to those at issue in *Lauer* and *Pigford*.  Here, Plaintiff's allegations could plausibly lend support to his legal claims.  They do not, at this time, reach the level of unnecessarily reflecting on Savage Drayton's moral character or state anything "in repulsive language that detracts from the dignity of the [C]ourt."  *State Farm Mut. Auto. Ins. Co.,* 2020 WL 2630226, at *11.  For these reasons, the Undersigned cannot recommend these paragraphs be stricken as scandalous.

**C.   Whether the Amended Complaint requests relief that is unavailable as a matter of law.**

Defendant asks the Court to strike Plaintiff's request in paragraphs (E) and (F) of the prayer for relief in the Amended Complaint that the Court review the EEOC's dismissal of his hearing request and the final order implementing the dismissal. (Doc. 27 at 24).  Defendant argues that Plaintiff is not entitled to this relief as a matter of law.  (*Id.*).  Plaintiff does not address this issue in his Response.

The Undersigned agrees with Defendant.  In paragraphs (E) and (F) of the prayer for relief in his Amended Complaint, Plaintiff once again requests that the Court review the actions of EEOC ALJ Brockman.  (*See* Doc. 1 at 8-9; Doc. 26 at 25).  The administrative process with the EEOC has ended, and Plaintiff's claim in this Court can only be to obtain *de novo* review of the merits of the underlying EEOC claim, not a review of the EEOC claim process.  *See Chandler v. Roudebush*, 425 U.S. 840, 861 (1976); *Ellis v. England*, 432 F.3d 1321, 1323-24 (11th Cir. 2005). Accordingly, Paragraphs (E)-(F) of the prayer for relief in the Amended Complaint

should be stricken and Plaintiff should be admonished against including any similar

allegations in his Second Amended Complaint.

## CONCLUSION

For these reasons, the Undersigned **RESPECTFULLY RECOMMENDS** that

Defendant's Motion to Dismiss Amended Complaint or, in the Alternative, Motion

to Strike  (Doc. 27) be **GRANTED** and the Amended Complaint be dismissed

without prejudice to Plaintiff's ability to file a Second Amended Complaint

consistent with the foregoing.

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida

on October 20, 2020.


_____

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the

Report and Recommendation's factual findings and legal conclusions.  A party's

failure to file written objections waives that party's right to challenge on appeal any

unobjected-to factual finding or legal conclusion the district judge adopts from the

Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:


Counsel of Record
Unrepresented Parties