UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Larry J. Butler,                                      Civ. No. 2:19-331-FtM-JLB-MRM

Plaintiff,

v.                                                **MEMORANDUM AND ORDER**

Andrew M. Saul, Commissioner
of Social Security,

Defendant.
_____

This matter is before the Court on the Report and Recommendation of Magistrate Judge Mac R. McCoy dated October 20, 2020 (Docket No. 32). In the R&R, Magistrate Judge McCoy recommends denying Defendant's Motion to Dismiss on jurisdictional grounds, granting in part and denying in part Defendant's Motion to Strike, and granting the Motion to Dismiss for failure to state a claim and dismissing the Amended Complaint without prejudice to Plaintiff repleading his claims. Defendant filed a timely objection to the R&R. (Docket No. 33.) Plaintiff, who is proceeding in this matter without benefit of counsel, did not file any objection or a response to Defendant's objections.

After a review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires

that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)).

Defendant's only objection[1] is that the R&R erred by construing Defendant's subject-matter-jurisdiction challenge as a facial attack on Plaintiff's pleadings, not a factual attack. According to Defendant, he "raised a factual attack" (Docket No. 33 at 1) and the R&R's alleged error in this regard "flows throughout the jurisdictional analysis." (Id. at 2.) But although Defendant may have intended to raise a factual attack on Plaintiff's pleadings, its memorandum contains no such argument. Indeed, although the standard of review Defendant sets forth distinguishes between facial and factual attacks on jurisdiction (Docket No. 27 at 5-6), Defendant's substantive discussion of the issue does not mention this dichotomy, nor does it make clear that Defendant intended to attack the factual underpinnings of Plaintiff's invocation of federal jurisdiction. (E.g., id. at 8-17.) Indeed, the word "factual" appears only once in the section of Defendant's brief discussing subject-matter jurisdiction, when Defendant notes that Plaintiff's "underlying factual allegations

---

[1] Defendant also purports to reassert objections he made to a previous R&R and contends broadly that the "R&R does not address Defendant's prior objections or the full breadth of its arguments in its most recent motion to dismiss." (Docket No. 33 at 1.) However, a party objecting to an R&R is required to make specific objections to the R&R's factual or legal conclusions. See United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (noting that objections to an R&R "must specifically identify those findings objected to"). Moreover, "a party does not state a valid objection to an R&R by merely incorporating by reference previous filings." Hammonds v. Jackson, No. 1:13-CV-711, 2015 WL 12866453, at *6 n.2 (N.D. Ga. May 18, 2015). Defendant's broad "objection" is therefore not well taken.

Case 2:19-cv-00331-JLB-MRM   Document 34   Filed 02/17/21   Page 3 of 4 PageID 1242

have seemingly little to do with" the claims he is raising.  (Id. at 16.)  Having failed to sufficiently brief its ostensible factual challenge, Defendant cannot now complain that the Magistrate Judge misconstrued his arguments.

Even if the R&R erred in not gleaning Defendant's intent with regard to the facial or factual challenge, however, Defendant has not established that the R&R's conclusions are incorrect.  The R&R thoroughly discussed the applicable law and determined that Plaintiff's claims here are not foreclosed by his affirmative defenses in the underlying MSPB action.  Despite's Defendant's arguments to the contrary, this conclusion is correct.  Plaintiff has a right to bring an action in this Court challenging a final agency decision; he received such a decision on his EEOC complaint.  The fact that he raised similar EEOC claims as an affirmative defense to Defendant's attempts to remove him from his position simply does not have the preclusive effect Defendant believes it does.

Although no party challenges the R&R's conclusions in this regard, the R&R correctly determined that two forms of relief sought in the Amended Complaint must be stricken, and that the Amended Complaint failed to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6).  The R&R recommended dismissing the Amended Complaint without prejudice to Plaintiff repleading those claims.  The Court notes that Plaintiff has already had one opportunity to replead and failed to follow Magistrate Judge McCoy's directions regarding that repleading.  Should Plaintiff once again fail to follow the R&R's directives in amending his complaint for the second time, the Court will not hesitate to dismiss that pleading with prejudice.

3

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 32) is **ADOPTED**;

2. The Motion to Dismiss and to Strike (Docket No. 27) is **GRANTED in part** and **DENIED in part**; and

3. The Amended Complaint (Docket No. 26) is **DISMISSED without prejudice** and with leave to replead.

Dated: February 17, 2021                           *s/ Paul A. Magnuson*
                                                   Paul A. Magnuson
                                                   United States District Court Judge