UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY J. BUTLER,

    Plaintiff,

v.                                           Case No. 2:19-cv-331-JLB-MRM

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

    Defendant.
_____/

## ORDER

Defendant Kilolo Kijakazi,[1] Acting Commissioner of Social Security, (the "Commissioner") moves to dismiss Plaintiff Larry J. Butler's Second Amended Complaint. (Doc. 55.) After review of the parties' filings and pleadings, the Court agrees that the Second Amended Complaint is due to be dismissed. Accordingly, the motion is granted, and the complaint is dismissed without prejudice. Mr. Butler shall have one final opportunity to amend his pleading.

## BACKGROUND

Mr. Butler, a former Administrative Law Judge ("ALJ") for the Social Security Administration ("SSA"), brings various disability discrimination claims

---

[1] Both parties ask the Court to substitute Kilolo Kijakazi, the Acting Commissioner of Social Security, as Defendant. See Fed. R. Civ. P. 25(d); 42 U.S.C. § 2000e-16(b)–(c); (Doc. 55 at 1 n.1; Doc. 57 at 1 n.1). The Clerk is hereby directed to substitute Kilolo Kijakazi as Defendant.

against the Commissioner. (Doc. 36 at 1–2, ¶¶ 2–3, 5–6.)[2] In short, Mr. Butler requested that the SSA grant him a reasonable accommodation due to a disability relating to respiratory illnesses that allegedly resulted from hazardous working conditions at the SSA Office of Hearings Operations in Fort Myers, Florida. (Doc. 36 at 3, 17, ¶¶ 7, 78.) He then initiated the Equal Employment Opportunity Commission ("EEOC") complaint process. (Id. at 21, ¶ 92 (citing Doc. 1-5).) He subsequently filed a formal complaint with the EEOC, and the SSA accepted the complaint and ordered an investigation as follows:

> (1) Whether the Agency subjected you to non-sexual harassment (hostile work environment) based on disability (physical) and reprisal . . . in terms of directives, work conditions, medical information/interactive discussion requests and reasonable accommodation.
>
> (2) Whether the Agency subjected you to discrimination based on disability (physical) and reprisal . . . [in that] the Agency has failed to approve your request for a reasonable accommodation.
>
> (3) Whether the Agency subjected you to discrimination based on disability (physical) and reprisal . . . in terms of directives.

(Id. at 37, 40, ¶¶ 153, 165.)

---

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under this standard, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Shortly thereafter, the SSA filed a Merit Systems Protection Board (MSPB) Complaint, requesting the MSPB to find good cause to remove Mr. Butler as an ALJ based on his failure to follow instructions and neglect of duties. (Id. at 41–42, ¶¶ 169, 174.) Mr. Butler was placed on administrative leave on the same day. (Id. at 41, ¶ 170.) In the MSPB proceeding, Mr. Butler filed an answer and affirmative defenses, mirroring, in part, the allegations in his EEOC complaint. (Id. at 44, ¶ 184 (citing Doc. 1-6).) The SSA filed a motion to strike those affirmative defenses, which was granted in part and denied in part. (Id. at 44, 48, ¶¶ 187, 203; Doc. 1-7.) On the SSA's motion to dismiss the EEOC proceeding, the assigned ALJ found that "the issues in the instant complaint have already been raised and addressed in [Mr. Butler's] MSPB appeal and the Agency's Motion is hereby granted." (Doc. 1-8 at 1.) The SSA issued a Final Order implementing the order of dismissal. (Doc. 1-9 at 2.)

Following the Final Order, Mr. Butler filed this action. (Id. at 4–5; Doc. 1.) The Court previously dismissed Mr. Butler's amended complaint for failure to include separate counts or sufficient factual allegations to state a plausible claim for relief. (Doc. 34.)[3] He subsequently filed a 112-page second amended complaint raising six counts. (Doc. 36.) The Commissioner moves to dismiss the complaint,

---

[3] Mr. Butler previously styled his complaint as an appeal of the EEOC's decision. (Doc. 1.) He was instructed that he should instead bring a direct claim. (Doc. 21 at 3); see Ellis v. England, 432 F.3d 1321, 1323–24 (11th Cir. 2005).

contending that it is a shotgun pleading and fails to state a claim. (Doc. 55.)[4] Mr. Butler filed a response in opposition. (Doc. 57.)

## DISCUSSION

Mr. Butler's second amended complaint does not comply with the Federal Rules of Civil Procedure and is therefore due to be dismissed. Should Mr. Butler file a third amended complaint, he must correct several deficiencies in his pleaded counts, as discussed below.

### I. The complaint does not contain a short and plain statement of Mr. Butler's claims.

Even if Mr. Butler's second amended complaint does not constitute a shotgun pleading, it nonetheless violates the Federal Rules of Civil Procedure and is due to be dismissed with leave to amend. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and that "[e]ach allegation must be simple, concise, and direct." Additionally, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

The Eleventh Circuit has explained that a complaint constitutes a shotgun pleading where it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts"; (2) is "replete with conclusory, vague, and

---

[4] The Commissioner maintains that this Court lacks subject matter jurisdiction over the claims. (Doc. 55 at 2 n.2.) That argument was previously rejected. (Doc. 34.) As noted in prior orders, however, to the extent Mr. Butler seeks review of the actions of the EEOC ALJ, any such relief is unavailable. (Doc. 34 at 3–4; Doc. 32 at 33.)

immaterial facts not obviously connected to any particular cause of action"; (3) does "not separat[e] into a different count each cause of action or claim for relief"; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Here, Mr. Butler's second amended complaint is 112 pages long with six counts, more than 400 paragraphs of factual allegations, 90 footnotes, and more than 175 pages of attachments. (Doc. 36.) A review of the complaint reveals that it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1322. And although the counts do not incorporate all the allegations in the preceding counts, Mr. Butler incorporates some factual paragraphs supporting one count within a subsection setting forth another count, making it confusing to discern which paragraphs relate to which counts. (See, e.g., Doc. 36 at 108, ¶ 425.) Further, there are 250 numbered paragraphs which precede the counts and do not clearly relate to specific claims. (Id. at 2–62.) And, despite the Court's warning, he continues to "incorporate by reference" and cite to exhibits attached to prior complaints, not the

5

operative complaint. (See, e.g., id. ¶¶ 40–41, 44–46, 71–73, 79, 92, 99, 104, 168, 184–85, 196, 203–05.)

Accordingly, even if the complaint does not constitute a shotgun pleading, it violates Rule 8's requirement that the complaint contains "a short and plain statement of the claim" and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d); see also Carvel v. Godley, 404 F. App'x 359, 360 & n.2 (11th Cir. 2010) (affirming dismissal of complaint with 12 counts, 38 pages, and more than 300 numbered paragraphs); Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (affirming dismissal of complaint that was "confusing, incoherent, and clogged with seemingly irrelevant factual allegations").

In response, Mr. Butler merely contends that the Commissioner "has not established grounds upon which [the] Second Amended Complaint should be dismissed." (Doc. 57 at 5.) Contrary to Mr. Butler's contentions, it is also irrelevant that his complaint is shorter than the Commissioner's prior motion to dismiss with attachments. (Id. at 6.) Dismissal with one final opportunity to amend is warranted.

## II. Several of Mr. Butler's claims are deficient.

In addition to the above noncompliance with Rule 8, the Commissioner contends that Mr. Butler has failed to state a claim as to each count. The Court agrees that his claims have various deficiencies, as discussed below.

6

1.   **Count I**

Count I is styled as "Disability Discrimination (Disparate Treatment)," which requires Mr. Butler to show that he: (1) has a disability; (2) is otherwise qualified for the position; and (3) was subjected to unlawful discrimination solely because of his disability. See Garrett v. Postmaster Gen. U.S. Postal Serv., 725 F. App'x 782, 784 (11th Cir. 2018) (citations omitted); (Doc. 36 at 62). Mr. Butler, however, fails to sufficiently allege that he was qualified for the ALJ position.

As the Commissioner correctly contends, Mr. Butler merely provides conclusory allegations in support, while appearing to acknowledge that he could not meet productivity standards without other employees assisting him to process cases. (Doc. 36 at 63–70, ¶¶ 251, 259–61, 271, 275–77, 280.) Further, he acknowledges that the Commissioner may have taken adverse actions, at least in part, for reasons independent from his disability. (Id. at 71, ¶¶ 281–83.) This is inconsistent with the Rehabilitation Act's requirement that he be subjected to discrimination "solely by reason of" his disability. See 29 U.S.C. § 794(a); Garrett, 725 F. App'x at 784. Mr. Butler shall have one more opportunity to amend his pleading.

2.   **Count II**

Count II is styled as "Disability Discrimination (Failure to Provide Reasonable Accommodation)." (Doc. 36 at 72.) To state such a claim, Mr. Butler "must show: (1) he is disabled; (2) he was a 'qualified individual' at the relevant time, meaning he could perform the essential functions of the job in question with or

without reasonable accommodations; and (3) he was discriminated against because of his disability." Palmer v. McDonald, 624 F. App'x 699, 705 (11th Cir. 2015). He must also show that a reasonable accommodation exists. Id. at 706.

Indeed, this Court previously noted that Mr. Butler was required to allege that he had a disability necessitating an accommodation and that the accommodation would have allowed him to do his job. (Doc. 32 at 24.) Although Mr. Butler alleges that he was denied the opportunity to work from home, he does not specify how such an accommodation would have allowed him to do his job. (Doc. 36 at 74, 80, ¶¶ 292, 317.) In fact, he alleges that he was doing his job without that accommodation. (Id. at 74, 85, ¶¶ 295, 339.) Mr. Butler also alleges he was denied the assistance of a decision writer or agency attorney to process cases for him. (Id. at 74, ¶ 293.) The complaint, however, fails to connect this request to a medical condition. (Id. at 74, 83, 87, ¶¶ 294, 332, 348.)[5] Instead, as previously noted, he fails to allege that he had a diagnosed disability that necessitated this particular reasonable accommodation request or that the accommodation would have allowed him to do his job. (Doc. 32 at 24); Palmer, 624 F. App'x at 705. Mr. Butler shall have one more opportunity to amend his pleading.

---

[5] In his response to the motion to dismiss, Mr. Butler cites to various attachments to his complaint to support the proposition that he "required various types and levels of treatment for [his] medical conditions." (Doc. 57 at 9.) He further makes several factual assertions without citation to allegations in his complaint. (Id. at 9–12.)

### 3. Count III

In Count III, Mr. Butler raises a claim styled "Discrete Reprisal and Retaliation (Prior EEO Activity)." (Doc. 36 at 89.) This requires Mr. Butler to show that he: "(1) engaged in statutorily protected activity, (2) suffered a materially adverse employment action, and (3) a causal relationship between the two events exists." Palmer, 624 F. App'x at 705. A good faith request for a reasonable accommodation is a statutorily protected activity. Id.

Mr. Butler alleges that he "regularly engaged in protected activity . . . in his communications and contacts with SSA and [Office of Hearings Operations] managers," by filing an EEOC complaint, and by helping others also file EEOC complaints. (Doc. 36 at 89–90, ¶¶ 356–58.) He further alleges that, because of this activity, the Commissioner did not grant his accommodation requests to telework or have someone help with his cases and repeatedly issued "directives." (Id. at 90, ¶¶ 359–61.)

These allegations are also deficient. First, as to the directives, Mr. Butler was previously instructed to provide additional information to state a claim. (Doc. 32 at 25–26.) Instead, he merely asserts in his response that "[n]one of [the] assertions by [the Commissioner] are true or correct." (Doc. 57 at 15.) However, the substance of the directives is unclear, as is the identity of the issuer, when they were issued, and whether they were only issued as to Mr. Butler. Without more, the mere issuance of directives is insufficient to establish a materially adverse

9

action.  See Morales v. Ga. Dep't of Hum. Res., Div. of Fam. & Child. Servs., 446 F. App'x 179, 184 (11th Cir. 2011).

Moreover, because Mr. Butler has not established his entitlement to an accommodation, the denial of his requests for an accommodation does not constitute a materially adverse action.  See Garrison v. City of Tallahassee, 664 F. App'x 823, 827 (11th Cir. 2016).  As to several of the identified adverse actions, such as the issuance of directives, he also fails to allege when those actions occurred, by whom, and whether the decisionmaker was aware of the protected activity.  See Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1278 (11th Cir. 2008).  Mr. Butler shall have one more opportunity to amend his pleading.[6]

**4.    Count IV**

In Count IV, titled "Discrete Reprisal and Retaliation (Placement of Plaintiff on Administrative Leave Status)," Mr. Butler appears to allege that the Commissioner violated various civil service statutes and regulations by placing him on administrative leave.  (Doc. 36 at 97.)  However, he does not allege a violation of the Rehabilitation Act or Title VII, and he has not shown that a cause of action is available for any other purported violation.  Mr. Butler shall have one more opportunity to amend his pleading.

---

[6] In her motion to dismiss, the Commissioner does not address whether the initiation of the MSPB proceeding supports any of Mr. Butler's discrimination claims.  Should Mr. Butler file an amended pleading and the Commissioner again moves to dismiss, she is directed to address these allegations.

10

5. **Count V**

In Count V, Mr. Butler alleges "Harassment and Hostile Work Environment (Retaliatory)," which requires him to show that: (1) he engaged in protected activity; (2) after doing so, he was subjected to unwelcome harassment; (3) his protected activity was a but-for cause of the harassment; (4) the harassment was such that it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination; and (5) a basis exists for holding his employer liable, either directly or vicariously. See Fortner v. Brennan, No. 2:19-cv-01409-JHE, 2020 WL 4904190, at *4 (N.D. Ala. Aug. 20, 2020) (citations omitted); (Doc. 36 at 101–07).

Here, even assuming Mr. Butler's general allegations that he engaged in protected activity are sufficient, for the reasons discussed above, he has not shown that the denial of his requests for reasonable accommodations or the issuance of any directives constituted harassment, much less harassment that would dissuade a reasonable worker from making or supporting a charge of discrimination. (Doc. 36 at 102–03, ¶¶ 405–08.) Further, he fails to establish that any such harassment was caused by his protected activity. Mr. Butler shall have one more opportunity to amend his pleading.

6. **Count VI**

Finally, Mr. Butler alleges in Count VI, "Harassment and Hostile Work Environment (Substantive)." (Doc. 36 at 107.) The Court has previously explained the showing required to support such a claim. (Doc. 32 at 22.) However, apart from incorporating allegations as to the above retaliatory hostile work environment

11

claim, Mr. Butler does not allege a protected basis on which harassment occurred. (Doc. 36 at 108, ¶ 425.) He does not clearly explain how "managers creat[ing] a hostile work environment for every employee at the Fort Myers Hearing Office who pursued EEO claims" supports his claim or establishes causation. (Id.) Further, Mr. Butler's allegations do not establish that any mistreatment was "sufficiently severe or pervasive that it can be said to alter the terms, conditions, or privileges of employment." See Monaghan v. Worldpay US, Inc., 955 F.3d 855, 861 (11th Cir. 2020). Again, his allegation as to the experience of other employees is insufficient. (Doc. 36 at 108, ¶ 426.) Mr. Butler shall have one more opportunity to replead.[7]

## CONCLUSION

For the above reasons, it is **ORDERED**:

1. Defendant's motion to dismiss (Doc. 55) is **GRANTED**.

2. Plaintiff's second amended complaint (Doc. 36) is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff may file a third amended complaint consistent with this Order on or before January 4, 2022. Failure to timely file an amended complaint may result in dismissal of this action without further notice.

---

[7] Mr. Butler cites 5 U.S.C. § 2302, the statute outlining prohibited personnel practices in federal civil service, to support several of his claims. (Doc. 36 at 92–93, 95–96, ¶¶ 365–69, 381–82.) Given that the complaint will be dismissed with leave to amend, it is at this stage unnecessary to address the Commissioner's contention that Mr. Butler cannot state a claim under the statute. (Doc. 55 at 9; Doc. 32 at 19–20 & n.7.)

And the Court notes that no further amended complaints will be permitted.

4. The Clerk is directed to substitute Kilolo Kijakazi, Acting Commissioner of Social Security, as Defendant.

ORDERED at Fort Myers, Florida, on December 21, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE